755 F.2d 1138
 9 Soc.Sec.Rep.Ser. 11, Unempl.Ins.Rep. CCH 16,016
Pauline CLIFTON, in behalf of herself and her minor
children, Lawrence, Ursula, Jerome and Vincent,
Plaintiffs-Appellants,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 84-3558
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 25, 1985.
 Gustafson, Rudloff, Colbert & Parr, Leon Rudloff, New Orleans, La., for plaintiffs-appellants.
 John Volz, U.S. Atty., Nancy A. Nungesser, New Orleans, La., for defendant-appellee.
 Karen J. Behner, Dallas, Tex., for defendant-appellee Margaret M. Heckler.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RUBIN, RANDALL and TATE, Circuit Judges.
 RANDALL, Circuit Judge:
 In this appeal, we review the district court's denial of the plaintiffs' application for attorney's fees under the Equal Access to Justice Act. Because we hold that the plaintiffs' application was untimely, we affirm.
 
 I. FACTS AND PROCEEDINGS BELOW
 
 1
 On November 14, 1972, Pauline Clifton (Clifton) applied for mother's insurance benefits on her own behalf and for child's insurance benefits on behalf of her four minor children, alleging that her husband, Herbert Clifton, disappeared in 1965, deserting her and the children. The Social Security Administration denied the applications, and Clifton requested a de novo hearing on the claims before an administrative law judge (ALJ). After the hearing, on February 21, 1975, the ALJ awarded the benefits. The Appeals Council, on its own motion, reversed the ALJ's decision, prompting Clifton, individually and on behalf of her minor children (the plaintiffs are hereinafter collectively referred to as Clifton), to file the instant action on November 18, 1975, in the United States District Court for the Eastern District of Louisiana for judicial review of the Appeals Council's decision pursuant to Sec. 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g).[1] The district court remanded the case to the Secretary of Health, Education and Welfare (now Health and Human Services) for a second de novo hearing because the tape recording of the original hearing was inaudible.
 
 
 2
 After the second hearing, on June 23, 1976, the ALJ determined that Clifton was entitled to benefits from March 31, 1967--the date on which the wage earner, Herbert Clifton, was presumed to have died. On September 30, 1976, the Appeals Council modified the ALJ's decision, indicating that the wage earner's presumed date of death was properly March 8, 1974, seven years from the date of his last known employment.
 
 
 3
 In January 1977, on the Secretary's motion, the case was reopened in the district court, and the Secretary answered Clifton's original complaint. Clifton maintained that she and her children were entitled to benefits from March 31, 1967. The September 30, 1976 decision of the Secretary was filed in the district court, and, in April 1977, the parties filed cross-motions for summary judgment. In view of Clifton's allegations that the administrative record was incomplete, however, the district court, on July 19, 1977, remanded the case to the Secretary for a supplemental hearing to gather evidence regarding the disappearance of the wage earner.
 
 
 4
 On March 31, 1980, following the supplemental hearing, the ALJ found that the wage earner's presumed date of death was March 8, 1974. The Appeals Council affirmed the ALJ's decision, and, with the filing of the transcript of the supplemental hearing, the case was again reopened in the district court. In September 1980, a hearing was held before a magistrate on the Secretary's motion for summary judgment. The magistrate found that the Secretary's decision was supported by substantial evidence and recommended that the Secretary's motion for summary judgment be granted. On April 20, 1981, the district court granted the Secretary's motion and entered judgment dismissing Clifton's suit. On July 23, 1981, more than ninety days after the judgment was entered, Clifton filed a motion to enlarge the time to appeal from the judgment. The district court denied the motion holding that it could not extend the time for appeal because Rule 4(a)(1) of the Federal Rules of Appellate Procedure is mandatory and jurisdictional.[2] The district court suggested, however, that Clifton file a motion to vacate the April 20, 1981 judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and present evidence that would support her claim for relief. Clifton responded on August 4, 1981, by filing a Rule 60(b) motion to vacate. The district court denied this motion on August 26. Clifton then filed several additional motions to enlarge the time for noticing an appeal, all of which were denied by the district court. Clifton appealed the denials of her motions to extend the time for noticing an appeal and her motion to vacate the April 20, 1981 judgment. In Clifton v. Heckler, 732 F.2d 939 (5th Cir.1984) (unpublished), we held that Clifton's tardiness in filing the Rule 4(a)(5) motions to vacate required dismissal of the appeal and that the district court's denial of the Rule 60(b) motion was not an abuse of discretion.
 
 
 5
 On May 23, 1984, thirty days after we dismissed her appeal of the denials of the various motions, Clifton filed in the district court an application for attorney's fees under the Equal Access to Justice Act (EAJA), Pub.L. No. 96-481, tit. 2, 94 Stat. 2325 (1980) (the pertinent provisions of which are codified at 5 U.S.C. Sec. 504 and 28 U.S.C. Sec. 2412)[3] seeking fees for work done in connection with the filing of the original complaint in district court on November 18, 1975, through September 30, 1976, the date on which the Appeals Council decision awarding benefits was filed in the district court. The application was referred to a magistrate, who recommended that it be denied on the alternative grounds that 42 U.S.C. Sec. 406(b)(1), not 5 U.S.C. Sec. 504 or 28 U.S.C. Sec. 2412, controlled the award of attorney's fees in social security cases and that, in any event, Clifton was not a prevailing party. On July 11, 1984, the district court adopted the magistrate's recommendation and denied the application, holding that Clifton was not a prevailing party. This appeal followed.
 
 II. DISCUSSION
 
 6
 On appeal, Clifton makes the following contentions: (1) at this stage of the proceedings, the district court was without jurisdiction to consider her application for attorney's fees under the EAJA because 5 U.S.C. Sec. 504 provides that the agency, here the Social Security Administration, will initially pass upon the application before judicial review of a final agency decision regarding an award may be obtained; and (2) Clifton was a prevailing party because her November 1975 suit forced the Social Security Administration to substantiate its original denial of benefits, which eventually led to a remand for a second de novo hearing and a decision at least partially favorable to her. Although we find that the district court would have been the proper forum to entertain Clifton's application for attorney's fees in the instant case, we hold that the district court lacked subject matter jurisdiction to consider the application. We need not address the issue whether Clifton was a prevailing party.
 
 
 7
 A. Consideration by the Social Security Administration or the District Court?
 
 
 8
 Clifton first contends that the district court had no jurisdiction to consider her application for attorney's fees under the EAJA, relying on 5 U.S.C. Sec. 504 and the administrative regulations promulgated thereunder.[4] Clifton argues that, because 5 U.S.C. Sec. 504 governs the award of attorney's fees to parties who prevail against the federal government in administrative proceedings and that section indicates that the adjudicative officer of the agency will first consider the application before a party may seek judicial review of the agency's decision, the district court was without authority in the instant action to entertain Clifton's application in the absence of prior agency adjudication of the claim and a grant of a petition for leave to appeal the agency's decision. Clifton explains that her application was filed in the district court in conformance with 45 C.F.R. Sec. 13.21, requiring that "[a]ll pleadings, including applications for an award of fees, ... shall be pled in the same manner as other pleadings in the proceeding and served on all other parties and participants." Because the case was then in the district court, Clifton filed her application there but in no wise intended that the district court pass upon the application before the Social Security Administration did so. Thus, because the Social Security Administration did not first consider her application for attorney's fees, Clifton concludes, the district court in denying the application improperly interposed itself as the sole arbiter of her claim. Clifton's contention is without merit, however, largely because the statutory and regulatory tapestry she weaves is incomplete.
 
 
 9
 We begin by examining the EAJA and its legislative history. The EAJA was enacted to lessen the likelihood that challenges to bureaucratic action would be determined by the high cost of litigating against the government. EAJA, supra, Sec. 202(c)(1), 94 Stat. at 2325; H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9-10, reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 4984-88.[5] Federal agencies, under 5 U.S.C. Sec. 504(a)(1), and courts, under 28 U.S.C. Sec. 2412(d)(1)(A), are authorized to award attorney's fees to parties who prevail against the federal government in "adversary adjudications" unless the government's position was "substantially justified" or there are special circumstances which make a fee award unjust. An "adversary adjudication" is defined as a determination "on the record after opportunity for an agency hearing," with certain inapplicable exceptions, see 5 U.S.C. Sec. 554(a), "in which the position of the United States is represented by counsel." Id. Sec. 504(b)(1)(C).
 
 
 10
 It has been held that proceedings before the Social Security Administration are not adversary adjudications and are thus excluded from coverage under the EAJA. Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir.1984); Guthrie v. Schweiker, 718 F.2d 104, 107 (4th Cir.1983); McGill v. Secretary of Health & Human Services, 712 F.2d 28, 30 (2d Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984).[6] This conclusion is largely predicated on the fact that the United States is not represented by counsel at the agency level in social security proceedings. The portion of the conference report accompanying the EAJA that defined "adversary adjudication" clearly evinces Congress' intent to exclude social security proceedings from coverage under the EAJA. The report states: "It is intended that this definition preclude an award in a situation where an agency, e.g., the Social Security Administration, does not take a position in the adjudication." H.R.Conf.Rep. No. 1434, 96th Cong., 2d Sess. 23, reprinted in 1980 U.S.Code Cong. & Ad.News 5003, 5012 (emphasis added).[7] Further, Clifton fails to cite 45 C.F.R. Sec. 13.3, which expressly limits application of the Secretary's rules implementing the EAJA to adversary adjudications. The regulation references an appendix listing of departmental proceedings covered by the rules which does not include social security proceedings. Thus, because the proceedings before the Social Security Administration in the instant action do not constitute an adversary adjudication, Clifton cannot maintain her claim for attorney's fees under 5 U.S.C. Sec. 504(a)(1), or, for the matter, under 28 U.S.C. Sec. 2412(d)(3), the text of which is set out at the margin.[8]
 
 
 11
 Nevertheless, the EAJA has been held to apply to actions for judicial review of final decisions of the Secretary brought under the Social Security Act. Cornella, 728 F.2d at 987 & n. 15; Guthrie, 718 F.2d at 107-08; Berman v. Schweiker, 713 F.2d 1290, 1293 (7th Cir.1983); McGill, 712 F.2d at 30. The legislative history of the EAJA supports this proposition, indicating that Congress intended the EAJA to cover civil actions to review decisions of the Secretary. The House report accompanying the Act states that "[t]here was much discussion whether the United States should be liable when it is a named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 4991. Hence, a court reviewing the Secretary's disposition of a social security claim may determine whether the claimant should be awarded attorney's fees under the EAJA pursuant to 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 12
 Applying the foregoing principles to the case at hand, we hold that the proceedings at the agency level regarding Clifton's claim for social security benefits did not amount to an adversary adjudication, and thus they were not covered by 5 U.S.C. Sec. 504(a)(1). Therefore, because the district court was reviewing the Secretary's disposition of Clifton's claim for benefits, Clifton's application for attorney's fees would be cognizable only in the district court under Sec. 2412(d)(1)(A) but only if that court possessed subject matter jurisdiction. It is to the jurisdictional issue that we now turn.[9]
 
 B. Timeliness
 
 13
 The Secretary contends for the first time on appeal that Clifton's application for attorney's fees was not timely since it was filed over three years after the district court entered its April 20, 1981 judgment affirming the Secretary's decision concerning Clifton's claim for social security benefits. Section 2412(d)(1)(B) sets out the procedural requirements for filing a fee application:
 
 
 14
 A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which show that the party is a prevailing party and is eligible to receive an award under this subsection, and the amounts sought ....
 
 
 15
 (Emphasis added.)
 
 
 16
 Courts which have considered the thirty-day time limitation in the EAJA have determined that a timely application is a prerequisite to jurisdiction.[10] Action on Smoking & Health v. Civil Aeronautics Board, 724 F.2d 211, 225-26 (D.C.Cir.1984); Columbia Manufacturing Corp. v. NLRB, 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam) (construing identical thirty-day period applicable to agency adjudication contained in 5 U.S.C. Sec. 504(a)(2)); Monark Boat Co. v. NLRB, 708 F.2d 1322, 1326-27 (8th Cir.1983) (same); see also Taylor v. United States, 580 F.Supp. 687, 688-89 (E.D.Pa.1984), vacated on other grounds, 749 F.2d 171 (3d Cir.1984). Because the EAJA represents a waiver of the federal government's immunity from suits for attorney's fees[11] and because a waiver of sovereign immunity must be construed strictly,[12] we hold that the statutory time limitation, as an integral condition of the sovereign's consent to be sued,[13] is a jurisdictional prerequisite to an award of fees under the EAJA.[14]
 
 
 17
 The District of Columbia Circuit has summarized Congress' intent regarding Sec. 2412(d)(1)(B)'s thirty-day time limitation:
 
 
 18
 The statutory language and legislative history of the Act, although not couched in the language of jurisdiction, indicate that Congress intended the filing deadlines to be enforced strictly. The statute uses the mandatory "shall." The House Conference Report accompanying the Act stated that the bill "requires a party seeking an award of fees and other expenses to submit the application for them within thirty days of final judgment." The House Report noted that under the bill, "a party seeking an award of fees must apply to the court within 30 days of final judgment."
 
 
 19
 Action on Smoking & Health, 724 F.2d at 225 (citing H.R.Conf.Rep. No. 1434, 96th Cong., 2d Sess. 26, reprinted in 1980 U.S.Code Cong. & Ad.News 5003, 5015; H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 4997) (emphasis supplied by Judge Bazelon).[15]
 
 
 20
 Before we can dispose of this case, however, it remains for us to determine whether the thirty-day period had run before Clifton filed her application. We are not faced with the difficult question whether a "final judgment" occurs when the district court enters an appealable order or when a party's right to appeal that order has lapsed--an issue that is now pending before another panel in this circuit.[16] See Russell v. National Mediation Board, No. 84-1345 (5th Cir. argued Feb. 5, 1985). Clifton's failure to file a timely notice of appeal from the district court's April 20, 1981 affirmance of the Secretary's decision obviated the need for us to resolve the "final judgment" issue in order to decide this case. With the denials of Clifton's Rule 4(a)(5) motions to enlarge the time for noticing an appeal and Rule 60(b) motion to vacate the April 20, 1981 judgment, there is no doubt that the April 20 judgment became the "final judgment" in this action. Whether Sec. 2412(d)(1)(B)'s thirty-day period is viewed as commencing to run from the district court's entry of final judgment on April 20, 1981, or from the passing of the time permitted under Rule 4(a), Fed.R.App.P., for noticing an appeal, it is beyond peradventure that Clifton's fee application, filed nearly three years after the later of the alternative dates, was not timely. It cannot be seriously urged that the thirty-day period begins to run after the denials and unsuccessful appeals from such denials of Rule 4(a)(5) motions to enlarge the time for noticing an appeal or a Rule 60(b) motion to vacate the unappealed judgment. Such a construction would totally undermine sound principles of finality. Therefore, holding that Clifton's failure to file her fee application in timely fashion deprived the district court of subject matter jurisdiction to award fees, we affirm.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Section 205(g) of the Social Security Act permits the filing of suit in district court to obtain judicial review of a final decision of the Secretary of Health and Human Services. 42 U.S.C. Sec. 405(g). The Appeals Council's decision represented the final decision of the Secretary at this stage of the proceedings in the case at bar
 
 
 [2]
 The district court noted that, if the United States or an agency thereof is a party in an action, appeals must be noticed not later than sixty days after the date judgment is entered. The sixty-day period from the April 20, 1981 judgment expired on June 19, 1981. Under Rule 4(a)(5), Fed.R.App.P., Clifton had until July 20, 1981, to move to extend the time in which to notice an appeal. Clifton did not file her motion until July 23, 1981. In holding that it could not extend the time for appeal, the district court cited Sanchez v. Board of Regents at Texas Southern University, 625 F.2d 521 (5th Cir.1980), in which we observed that the requirement of Rule 4(a) cannot "affect the subject matter jurisdiction and is rather a mandatory precondition to the exercise of jurisdiction." Id. at 522 n. 1
 
 
 [3]
 The EAJA contained a sunset provision which allowed the Act to expire on October 1, 1984. Nevertheless, the EAJA continues "to apply through final disposition of any action commenced before the date of repeal." EAJA, supra, Sec. 204(c), 94 Stat. at 2329. Congress passed a bill to permanently reauthorize and amend the EAJA, but the President vetoed it. See infra note 15; see also Taylor v. United States, 749 F.2d 171, 173-74 (3d Cir.1984)
 
 
 [4]
 Section 504 provides in pertinent part:
 (a)(1) An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust.
 (2) A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award under this section, and the amount sought, including an itemized statement from any attorney, agent, or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the agency was not substantially justified.
 ....
 (b)(1) For the purposes of this section--
 ....
 (C) "adversary adjudication" means an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise, but excludes an adjudication for the purpose of establishing or fixing a rate or for the purpose of granting or renewing a license;
 ....
 (c)(1) After consultation with the Chairman of the Administrative Conference of the United States, each agency shall by rule establish uniform procedures for the submission and consideration of applications for an award of fees and other expenses. If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses may be made only pursuant to section 2412(d)(3) of title 28, United States Code.
 (2) A party dissatisfied with the fee determination made under subsection (a) may petition for leave to appeal to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication. If the court denies the petition for leave to appeal, no appeal may be taken from the denial. If the court grants the petition, it may modify the determination only if it finds that the failure to make an award, or the calculation of the amount of the award, was an abuse of discretion.
 5 U.S.C. Sec. 504. The Department of Health and Human Services promulgated regulations implementing Sec. 504. See 45 C.F.R. Secs. 13.1-.30 (1984). The regulations cited by Clifton in support of her argument provide in pertinent part:
 Sec. 13.21 Filing and service of pleadings.
 All pleadings, including applications for an award of fees, answers, comments, and other pleadings related to the applications, shall be filed in the same manner as other pleadings in the proceeding and served on all other parties and participants, except as provided in Sec. 13.11(b) of this part concerning confidential financial information.
 Sec. 13.28 Judicial review.
 Judicial review of final agency decisions on awards may be obtained as provided in 5 U.S.C. 504(c)(2).
 Clifton also cites to 45 C.F.R. Sec. 13.8, which was omitted in the revision of part 13 of title 45 promulgated on October 4, 1983. 48 Fed.Reg. 45,25 2 (1983). The section read in part:
 Sec. 13.8 Delegations of authority.
 Authority to take final action on matters pertaining to section 203 of the Equal Access to Justice Act, 5 U.S.C. 504, is hereby delegated to the heads of the component agencies and offices of the Department or their designees as follows: With respect to the Social Security Administration, to the Commissioner .... These office and agency heads or their designees may develop procedures and regulations where necessary to supplement these regulations.
 
 
 [45]
 C.F.R. Sec. 13.8 (1983)
 
 
 [5]
 For a thorough discussion of the EAJA's purposes and antecedents, see Dods & Kennedy, The Equal Access to Justice Act, 50 UMKC L.Rev. 48 (1981); Robertson & Fowler, Recovering Attorneys' Fees from the Government Under the Equal Access to Justice Act, 56 Tul.L.Rev. 903 (1982); Note, The Equal Access to Justice Act in the Federal Courts, 84 Colum.L.Rev. 1089 (1984); Comment, The Equal Access to Justice Act: How to Recover Attorney's Fees and Litigation Expenses from the United States Government, 13 U.Tol.L.Rev. 149 (1981)
 
 
 [6]
 See also Ware v. Schweiker, 651 F.2d 408, 414 (5th Cir.1981), cert. denied, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982); Gold v. Secretary of Health, Education & Welfare, 463 F.2d 38, 43 (2d Cir.1972)
 
 
 [7]
 The legislative history contains other statements that support this view, including:
 "[T]he Committee has eliminated non-adversary adjudications (including administrative proceedings under the Social Security Act) from the coverage of ... this bill, and believes that this is a significant factor in reducing the cost." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 20, reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 4999.
 "Social Security Administration (SSA) cases account for more than 91 percent of all administrative adjudication cases. SSA cases are not adversarial, as defined by the bill ...." Id. at 22, reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 5001.
 
 
 [8]
 Section 2412(d)(3) provides:
 In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, or an adversary adjudication subject to the Contract Disputes Act of 1978, the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances made an award unjust.
 
 
 [9]
 Parenthetically, we note that the district court properly rejected the magistrate's alternative rationale for denying the application, viz., that 42 U.S.C. Sec. 406(b)(1) controlled the award of attorney's fees in social security cases. While it is true that the EAJA only permits the recovery of attorney's fees "[e]xcept as otherwise provided by statute," see 28 U.S.C. Sec. 2812(d)(1)(A), it has been held that 42 U.S.C. Sec. 406 is not a fee-shifting statute and acts only to limit the amount of awarded social security benefits an attorney can take as a fee. Section 406 does not provide for recovery of attorney's fees from the federal government. Cornella, 728 F.2d at 978; Wolverton v. Heckler, 726 F.2d 580 (9th Cir.1984); Guthrie, 718 F.2d at 107-08
 
 
 [10]
 The District of Columbia Circuit in Action on Smoking & Health discussed the jurisdictional nature of the time limitation, stating:
 The thirty day time limitation contained in EAJA is not simply a statute of limitations. It is a jurisdictional prerequisite to governmental liability. [The applicant's] failure to file in timely fashion deprives this court of subject matter jurisdiction to award fees.
 The Equal Access to Justice Act significantly abridged the government's immunity from suits for attorneys' fees. As a waiver of sovereign immunity, the Act must be strictly construed. Once the government agrees to allow such suits, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." Courts have consistently held that a statutory time limitation is an integral condition of the sovereign's consent. Compliance with that condition is a prerequisite to jurisdiction.
 724 F.2d at 225 (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)) (footnotes omitted).
 In dicta, however, the court went on to observe that the same result would inure even if the thirty-day period was a statute of limitations because the applicant offered no reasons why the equitable doctrines of waiver, estoppel, and equitable tolling would apply to excuse its failure to file within the required period. 724 F.2d at 225-26 (citing and distinguishing Zipes v. Trans World Airlines, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)).
 
 
 [11]
 See H.R.Rep. No. 1418, 96th Cong., 2d Sess. 1, 8-9, reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 4986-87
 
 
 [12]
 See Ruckelshaus v. Sierra Club, 463 U.S. 680, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); Action on Smoking & Health, 724 F.2d at 225
 
 
 [13]
 See Action on Smoking & Health, 724 F.2d at 225 & n. 76 (collecting cases); see also Childers v. United States, 442 F.2d 1299, 1303 (5th Cir.), cert. denied, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971); Simon v. United States, 244 F.2d 703, 704-05 (5th Cir.1957)
 
 
 [14]
 We are mindful that the timing issue was recently addressed in Matter of Esmond, 752 F.2d 1106, 1108-09 (5th Cir.1985), which involved an application for attorney's fees under the EAJA that was rejected as untimely by the district court. In Matter of Esmond, the Small Business Administration (SBA) filed an objection to discharge of debtors who had filed for bankruptcy. After the SBA allegedly informed the debtors that the objection to discharge would be dismissed, the debtors filed an application for attorney's fees in the bankruptcy court. Six months later, the bankruptcy court dismissed the SBA's objection to discharge. In the interim, the court had denied the debtors' application for attorney's fees. The district court affirmed the bankruptcy court's denial of the fee application
 In reversing, we held that, because the SBA did not challenge the timing of the debtors' original fee application until well after the thirty-day period following the bankruptcy court's dismissal of the objection to discharge "during which [the debtors] could have filed a timely application in strict and full compliance with the statute," id. at 1110, the SBA was precluded from complaining of the procedural deficiency.
 The decision in Matter of Esmond is not inconsistent with our holding that the thirty-day limit set out in Sec. 2412(d)(1)(B) is jurisdictional. First, we note that the panel in Matter of Esmond failed to address the issue of subject matter jurisdiction and, thus, cannot be said to have ruled on the issue. Brown Shoe Co. v. United States, 370 U.S. 294, 307, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510 (1962); United States v. L.A. Tucker Truck Lines, 344 U.S. 33, 38 & n. 9, 73 S.Ct. 67, 69 & n. 9, 97 L.Ed. 54 (1952) (court not bound by prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio ) (collecting cases). Second, in Matter of Esmond, the fee application was on file in the bankruptcy court before the debtors became prevailing parties and the prematurity of the application was objected to only after the period for filing a second timely application had passed. Hence, Matter of Esmond can be interpreted, not as waiving the requirement of a timely application, but as viewing the original unwithdrawn application as timely, thereby providing the essential jurisdictional predicate. It is the odd procedural posture of Matter of Esmond, involving a fee application filed before the applicants became prevailing parties, that distinguishes it from cases like the one at bar involving the more familiar procedural deficiency of a tardily filed application. These cases have unanimously recognized the jurisdictional nature of the thirty-day limitation. See, e.g., Action on Smoking & Health, 724 F.2d at 225. Finally, Matter of Esmond is distinguishable from the instant case because Clifton could not have been prejudiced by the Secretary's failure, before this appeal, to challenge the timeliness of the application since, unlike the debtors in Matter of Esmond, Clifton would not have had an opportunity to file a timely application had the Secretary immediately challenged her application. Cf. id. at 225-26; see supra note 10.
 
 
 [15]
 Our conclusion finds further support in Congress' most recent clarification of the term "final judgment" as used in 28 U.S.C. Sec. 2412. In October 1984, Congress adopted a bill which added to the EAJA a definition of "final judgment" as "a judgment that is final and not appealable." H.R. 5479, 98th Cong., 2d Sess. Sec. 2(b) (1984). Regardless of the President's veto of the bill, see 42 Cong.Q.Weekly Rep. 2964 (1984) (text of President's memorandum of disapproval), we find its legislative history instructive on the question of the intended nature of the thirty-day limitation under the original EAJA. Cf. Taylor v. United States, 749 F.2d 171, 174 (3d Cir.1984) (examining the bill's legislative history to discern the meaning of "final judgment" under the original EAJA). The Report of the Senate Judiciary Committee accompanying S. 919, the Senate version of H.R. 5479, stated in addressing the issue of when a "final judgment" occurs for purposes of the EAJA: "This issue is important since the thirty-day deadline for filing the fee application is jurisdictional and cannot be waived." S.Rep. No. 586, 98th Cong., 2d Sess. 16 (1984) (emphasis added). But see H.R.Rep. No. 992, 98th Cong., 2d Sess. 9 (1984) ("A waiver of the thirty-day period for filing an application for fees may be granted by the adjudicative officer or the court for good cause or in the interest of justice.")
 
 
 [16]
 The circuits are currently split on this issue. Compare McDonald v. Schweiker, 726 F.2d 311 (7th Cir.1983) (final judgment occurs when right to appeal order has lapsed), and Taylor, 749 F.2d at 174 (same; indicating that the Fifth Circuit, see United States v. 329.73 Acres, 704 F.2d 800, 810-11 (5th Cir.1983) (en banc), and the Court of Claims, see Rawlins v. United States, 686 F.2d 903, 914, 210 Ct.Cl. 672 (1982), have adopted this rule) with McQuiston v. Marsh, 707 F.2d 1082 (9th Cir.1983) (final judgment occurs when court enters appealable order)