**Alton Ray CARTER, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. S83–0163(R).**

United States District Court, S.D. Mississippi, S.D.

Feb. 16, 1990.

Robert Gambrell, Biloxi, Miss., for plaintiff.

Bruce R. Granger, Chief Counsel, Region IV, Mark A. Davis, Deputy Chief Counsel for Social Sec. Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel for Social Sec. Disability Litigation, and Laurie G. Remter, Staff Atty., Dept. of Health and Human Services, Atlanta, Ga., and Donald M. Waits, Asst. U.S. Atty., Biloxi, Miss., for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Plaintiff Alton Ray Carter's Application for Attorney Fees pursuant to the Equal Access to Justice Act (hereinafter the "EAJA"), 28 U.S.C. § 2412(d); and, further, on Motion of the defendant, Otis R. Bowen, M.D., Secretary of Health and Human Services, to Dismiss, pursuant to 28 U.S.C. § 2412(d)(1)(B).

### Procedural History

Upon motion by the plaintiff, this termination of benefits case was remanded to the Secretary by order dated March 29, 1984, pursuant to the requirements of Section 2 of the Social Security Disability Benefits Reform Act of 1984. On remand, the Secretary found the plaintiff to still be disabled and fully reinstated the plaintiff's benefits; notifying the plaintiff of his decision on August 31, 1987. Since there were no issues remaining to be litigated, the Secretary filed a motion to dismiss the original district court action with prejudice. The motion was granted on November 3, 1988, and the final judgment was entered on November 4, 1988. The plaintiff filed his application for attorney fees pursuant to the EAJA, 28 U.S.C. § 2412(d) on February 3, 1989, ninety-one days after the final judgment was entered on the merits.

I. *Issue of whether Plaintiff's Application was timely filed from November 4, 1988*

The EAJA requires that a party seeking an award of attorney fees file his application for fees within thirty days of the final judgment in an action. 28 U.S.C. § 2412(d)(1)(B). The time limitation is a jurisdictional prerequisite to governmental liability for attorney fees. *Clifton v. Heckler*, 755 F.2d 1138, 1144 (5th Cir.1985); since the EAJA is a waiver of the government's sovereign immunity, it must be strictly construed. *Id.* The filing deadline is to be strictly enforced. *Id.* at 1145.

The EAJA allows the award of attorney fees and other expenses against the government when the following factors are present: (1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the United States; (2) application and itemization of such fees is timely filed within thirty days of final judgment in the action; (3) the position of the government is not substantially justi-

fied; and (4) no special circumstances make an award unjust. In the event of any one of the factors set forth are absent, an award of attorney fees is precluded. 28 U.S.C. § 2412(d)(1)(A), (B).

The EAJA defines a "final judgment" as a "judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). Where the court's decision leaves nothing for the court to do, it becomes final and not appealable. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *Allen v. Secretary of Health and Human Services*, 781 F.2d 92, 94 (6th Cir.1986).

■ The defendant submits that a "final order" is not always necessary to start the time running during which applications for attorney fees may be filed; under the EAJA, fee petitions must be filed no later than thirty days after a final judgment by the court of last resort or after a losing party asserts that no further appeal will be taken. *Russell v. Nat'l Mediation Board*, 764 F.2d 341, 348 (5th Cir.1985); *vacated on other grounds and remanded*, 775 F.2d 1284 (5th Cir.1985). The Secretary granted the relief sought by the plaintiff and filed a motion to dismiss the district court action which effectively asserted that no further appeal would be taken.

■ In the case *sub judice*, after remand, the Secretary reinstated the full amount of the plaintiff's disability benefits and moved to dismiss the case. His motion was granted. The plaintiff has been awarded his benefits. The defendant submits that the plaintiff's original court action is now moot and he has no case or controversy remaining. This Court agrees that the Secretary could not appeal the granting of his own motion. Thus, there remains no issue for an appellate court to consider. The Court's order of November 4, 1988, should be construed as a final, non-appealable order or judgment. To be timely, the plaintiff's application for fees would have to have been filed on or before December 5, 1988. Since the application was filed on February 3, 1989, it is not timely. Accordingly, this Court lacks jurisdiction to consider the plaintiff's application for attorney fees.

II. *Issue of whether Plaintiff's Application would have been timely from when the right to appeal lapsed*

The defendant submits that as set forth in *Russell, supra,* in cases where the order of the district court is appealable, the Fifth Circuit has held that the plaintiff has ninety days to file an application for attorney fees; this is derived from the addition of the Federal Rules of Appellate Procedure Rules 4(a) period of 60 days plus the EAJA period of 30 days. *Russell,* 764 F.2d at 349. The defendant contends that even if the November 4, 1988, judgment was considered appealable, the plaintiff's application for attorney fees would still be untimely; the plaintiff did not file his application until February 3, 1989, ninety-one days after the order of November 4, 1988, where the final judgment was entered on the merits.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Application of the plaintiff for attorney fees is hereby DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion of the defendant to Dismiss is hereby GRANTED.

SO ORDERED AND ADJUDGED.