STATE of Wisconsin, Plaintiff-Respondent,

v.

RALPH HAMEL FOREST PRODUCTS, INC.,
Defendant-Appellant,

Larry G. JOHNSON, Defendant.

Court of Appeals

*No. 82–613. Submitted on briefs September 20, 1982.—Decided
December 21, 1982.*
(Also reported in 328 N.W.2d 884.)

For the appellant the cause was submitted on the briefs
of *Brazeau, Potter, Wefel & Nettesheim* of Wisconsin
Rapids.

For the respondent there was a brief by *Bronson C.
La Follette,* attorney general, and *Albert Harriman,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Ralph Hamel Forest Products appeals from a judgment finding it guilty of operating an unregistered motor vehicle on the highway in violation of sec. 341.04, Stats.[1]   The issue on appeal is whether Hamel's vehicle, a Polar prehauler, is an "implement of husbandry" and therefore exempt from registration under sec. 347.02 (1)(b), Stats.[2]   We conclude that the Polar prehauler is an implement of husbandry.   Because we conclude, however, that it was not used in this instance exclusively in the conduct of agricultural operations, we affirm the judgment.

The facts are undisputed.   The Polar prehauler is a truck designed solely for logging operations.   It is equipped with off-road tires and a lift for loading timber. The prehauler is used only in the forest for transporting timber to trucks that are licensed to transport the timber on the highway.   It is driven on a road or highway only for the purpose of moving from one job location to an-

[1] Section 341.04, Stats., provides in part:

Penalty for operating unregistered or improperly registered vehicle.   Except during a state of emergency proclaimed under ch. 166:

(1) It is unlawful for any person to operate or for an owner to consent to being operated on any highway of this state any motor vehicle, mobile home, trailer or semitrailer or any other vehicle for which a registration fee is specifically prescribed unless at the time of operation the vehicle in question either is registered in this state, or a complete application for registration, including evidence of inspection under s. 110.20 when required, accompanied by the required fee has been delivered to the department or deposited in the mail properly addressed with postage prepaid, or is exempt from registration.

[2] Section 347.02(1)(b), Stats., provides in part:

Applicability of chapter.   (1) No provision of this chapter requiring vehicles to be equipped in a particular manner is applicable to any of the following vehicles unless the vehicle is expressly included within or made subject to the particular provision:

. . .

(b) Implements of husbandry . . . .

other, which consumes no more than three percent of the total time the vehicle is used. Hamel received its citation during a move on the highway to a new timber harvesting job site. It was not hauling timber, but was towing a pickup truck for the driver's personal use.

Because the dispositive facts are undisputed, the only questions on appeal are matters of law. *First National Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Section 341.05(17), Stats., exempts a vehicle from registration if it is an "implement of husbandry" even though it is operated on state highways. To fall within the definition of "implement of husbandry" under sec. 340.01(24), Stats., the vehicle must be (1) designed for agricultural purposes; (2) used exclusively in the conduct of agricultural operations; and (3) used principally off the highway. The trial court found, based on stipulated facts, that the requirements of (1) and (3) were met. The trial court found, however, that Hamel was not operating the prehauler exclusively in the conduct of agricultural operations when the citation was issued, because at that time the prehauler was towing a pickup truck for the driver to use for non-agricultural purposes.

The question is whether the logging business is an agricultural operation as that term is used in sec. 340.01 (24). The Motor Vehicle Code does not define "agricultural purposes" or "agricultural operations." Generally, agriculture is the art or science of cultivating the ground, including the preservation of soil, the raising and harvesting of crops, and the rearing, feeding, and management of livestock, tillage, husbandry, and farming. *Christgau v. Woodlawn Cemetery Ass'n, Winona*, 293 N.W. 619, 626 (Minn. 1940). Additionally, in its broader sense, agriculture includes forestry. *Fromm Bros. v. United States*, 35 F. Supp. 145, 147 (W.D. Wis. 1940); *Hardy*

*v. Gapen,* 14 A.2d 892, 893 (Pa. Super. 1940). Section 421.301(4), Stats., of the Wisconsin Consumer Act defines an agricultural purpose as the "purpose related to the production . . . of agricultural products . . . . 'Agricultural products' includes . . . forest products."

An agricultural purpose is not restricted to products that can only be consumed. Since trees are a product of the soil, we see no reason to exclude forestry, including the harvesting of trees, from the definition of an agricultural operation. Although the state argues for a limited definition of agricultural purposes as used in the Motor Vehicle Code that will exclude forestry operations, we conclude that the plain meaning of agricultural purposes includes forestry, especially in light of the modern methods of planting and harvesting trees.

The trial court correctly found that Hamel principally used the prehauler off the highway. Hamel did not use it to transport timber on the highway, and the movement of the vehicle on the highway to reach a job site was a necessary and indispensable part of its use.

In this instance, however, the prehauler was not used exclusively in the conduct of agricultural operations. By towing a vehicle to be used for non-agricultural purposes, Hamel was not using the vehicle for agricultural operations. Hamel argues that because the prehauler is used on the highway for only three percent of its operating time, the vehicle was still being used exclusively in the conduct of agricultural operations. The percentage of time that the vehicle is used on the highway, however, is not significant because the plain meaning of sec. 340.01 (24) allows no use other than for agricultural operations. Occasional and temporary transportation of the agricultural implement on the road from one job site to another is an agricultural use. When the prehauler is used

to tow a vehicle for the operator's personal use, however, the character of the prehauler changes to one not exclusively agricultural.

*By the Court.*—Judgment affirmed.