NCR Corporation, Petitioner-Respondent,

v.

Wisconsin Department of Revenue, Appellant.

Court of Appeals

*No. 82–887. Submitted on briefs March 16, 1983.—*
*Decided March 28, 1983.*
(Also reported in 332 N.W.2d 865.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *F. Thomas Creeron III,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Ronald L. Walter* and *Foley & Lardner* of Milwaukee.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

GARTZKE, J.J.   The Wisconsin Department of Revenue appeals from a judgment which reversed a decision of the Wisconsin Tax Appeals Commission. The ultimate question is whether Appleton Papers' deduction from its gross income on its Wisconsin franchise tax return was properly taken in 1972. We hold that it was not properly taken in that year and reverse.

The facts are undisputed. Appleton Papers, a Delaware corporation, was merged into NCR Corporation, a Maryland corporation. The articles of merger provide that the merger was effective January 1, 1973. Section 71.04(15)(c), Stats., provides that if a corporation's Wisconsin adjusted basis for depreciable assets exceeds its federal adjusted basis for depreciable assets as of the end of its 1971 taxable year, the difference may be amortized over five years beginning in 1972. If the corporation is dissolved, merged or consolidated before the end of the five-year period, the remaining balance of that difference "shall be deducted from gross income or used to

reduce otherwise allowable deductions from gross income, as the case may be, in the year of dissolution, merger or consolidation." Sec. 71.04(15)(c).

Appleton Papers reported its income on a calendar year basis. As of December 31, 1972 the remaining balance of the amount of the deduction available to the company under sec. 71.04(15)(c), Stats., was $1,947,303. Appleton Papers deducted the entire balance from its gross income for 1972 in its state franchise tax return for that year. The department ruled that the deduction was improperly taken in 1972 because the articles of merger provided that the merger was effective January 1, 1973. NCR petitioned to the Wisconsin Tax Appeals Commission for relief.

At the hearing before the commission, a certified public accountant testified on NCR's behalf. According to the accountant, under generally accepted accounting principles, no difference exists between a merger date of January 1, 1973 and a merger date of December 31, 1972. For federal tax purposes, the merger was treated as having occurred in 1972.

The commission found that Appleton Papers had no tax year subsequent to 1972 and was not required to file and did not file Wisconsin or federal tax returns for the years subsequent to 1972; that Appleton Papers conducted no business in years subsequent to 1972; that Appleton Papers and NCR were separate corporations until midnight of December 31, 1972; and that 1973 was the year of merger between Appleton Papers and NCR. The commission held that "year of . . . merger" in sec. 71.04 (15)(c), Stats., means "income year" of the merger regardless whether the taxpayer has income in that year, and that NCR was not entitled to take the deduction in 1972.

Reversing the commission, the circuit court said that sec. 71.04(15)(c), Stats., contemplates mergers taking

place within some taxable or income year. The court held that "year of . . . merger" in the statute means the year of the final tax return, in this case 1972.

The specific issues are whether the merger took place in 1972 or 1973, and whether "the year of . . . merger" in sec. 71.04(15)(c), Stats., means the income year in which merger occurred or the year of the final tax return. Because the application of a statute to undisputed facts is a question of law, we owe no deference to the decision of the circuit court. *First Nat. Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

A private corporation exists only under the law of the state or sovereignty by which it was created. *Chicago T. & T. Co. v. Forty-One Thirty-Six W. Corp.,* 302 U.S. 120, 124–25 (1937); *Fleischer v. Pelton Steel Co.,* 183 Wis. 451, 455, 198 N.W. 444, 446 (1924). Accordingly, corporate existence and capacity is determined by the law of the state of incorporation. *Sevits v. McKiernan-Terry Corp.,* 264 F. Supp. 810, 811 (S.D. N.Y. 1966).

We need not decide whether Delaware or Maryland law controls the effective date of the merger. In either case, the parties may specify the effective date.

Maryland Corps. and Ass'ns Code sec. 3–113(a) (1982 supp.) provides in relevant part:

> If the successor in a . . . merger . . . is a Maryland corporation, . . . [the] merger . . . is effective as of the later of:
> (1) The time the Department [of Assessments and Taxation] accepts the articles of . . . merger . . . ; or
> (2) *The time established under the articles, not to exceed 30 days after the articles are accepted for record.*

Delaware Code Ann. tit. 8, sec. 252(c) (1982 supp.) provides that if a Delaware corporation and a foreign corporation merge and if the constituent corporations adopt an "agreement of merger," the agreement "shall become effective for all purposes of the laws of this State when and as provided in § 251 of this title." Delaware Code Ann. tit. 8, sec. 251(c) (1982 supp.) in turn governs mergers between domestic corporations and provides that an agreement of merger "shall become effective, in accordance with § 103 of this title." Delaware Code Ann. tit. 8, sec. 103(d) (1975) provides in relevant part, "Any instrument may provide that it is not to become effective until a specified date subsequent to its filing date but such date shall not be later than 90 days after its filing date."

The articles of merger were adopted by NCR and Appleton Papers on December 14, 1972. The effective date established in the articles, January 1, 1973, falls within thirty days of December 14, 1972. We therefore conclude that the effective date of the merger, whether controlled by Maryland law or by Delaware law, falls on or after January 1, 1973.[1]

NCR argues that the commission's determination that the merger took place in 1973 is inconsistent with its factual finding that NCR and Appleton Papers remained separate and distinct corporations until midnight December 31, 1972. We find no inconsistency. Although the

---

[1] When the articles were filed in Delaware and accepted for record in Maryland is not of record. If filing or acceptance occurred between December 14, 1972 and December 31, 1972, the designated date, January 1, 1973, is the effective date because it falls within thirty and ninety days after the date of acceptance and filing, as required by Maryland and Delaware, respectively. If filing or acceptance occurred on or after January 1, 1973, the date of filing or acceptance controls because it was on the same date or subsequent to the date designated in the articles.

finding is ambiguous, the commission meant that the merger did not occur December 31, 1972. In its opinion, the commission said: "The merger was effective in the year 1973. Until midnight of December 31, 1972, Appleton and petitioner [NCR] remained separate and distinct corporate entities."

We reject the contention that the "year of . . . merger" is the year of the final tax return. The statute is unambiguous. The words of an unambiguous statute are to be given their usual, literal meaning. *Milwaukee v. Lindner*, 98 Wis. 2d 624, 632, 297 N.W.2d 828, 832 (1980). NCR's interpretation would change the literal meaning of the words "year of . . . merger" to another year.

NCR contends that a literal interpretation of sec. 71.04 (15) (c), Stats., creates an unreasonable and absurd result on the facts before us. We may resort to statutory construction if the literal meaning of the statute would produce an absurd or unreasonable result. *Green Bay Drop Forge Co. v. Industrial Comm.*, 265 Wis. 38, 49, 60 N.W.2d 409, 414 (1953). If the result is unreasonable or absurd, that is by the choice of Appleton Papers and NCR, who, for reasons known only to them, chose January 1, 1973 as the effective date of their merger. NCR states in its brief that NCR Corporation made no mistake when preparing the articles of merger. We will not resort to statutory construction under these circumstances.

Accordingly, we conclude that Appleton Papers had no right to take the disputed deduction in its 1972 return.

*By the Court.*—Judgment reversed.