STATE of Wisconsin, Plaintiff-Appellant,

v.

OKRAY PRODUCE COMPANY, INC.,
Defendant-Respondent.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Stanton E. THOMAS, Defendant-Respondent.†

Court of Appeals

*Nos. 85–1924, 85–1925, 85–1926. Submitted on briefs May 3,
1986.—Decided May 15, 1986.*

(Also reported in 389 N.W.2d 825.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Daniel S. Farwell,* assistant attorney general.

For the defendant-respondent Okray Produce Company, Inc., the cause was submitted on the brief of *Mark O. Ilten* and *Glinski, Haferman, Ilten & Dreier, S.C.,* of Stevens Point.

For the defendant-respondent Stanton E. Thomas the cause was submitted on the brief of *Richard D. Weymouth* and *Nash, Podvin, Detlefsen, Tuchscherer & Weymouth, S.C.* of Wisconsin Rapids.

Before Gartzke, P.J., Dykman, J. and Eich, J.

DYKMAN, J.   The state appeals from orders dismissing citations issued to potato farmers for operating unregistered motor vehicles. The issue is whether potato harvesting vehicles must be registered as farm

trucks under sec. 341.26(3)(a), Stats.[1] Because such vehicles are implements of husbandry exempted from registration under sec. 341.05(17),[2] we affirm.

## FACTS

The vehicles are tandem axle truck chassis equipped with permanently mounted "potato boxes." The vehicles have special low ratio gearing, for slower speeds and more power in field operations. They are used solely to collect and transport potatoes in the harvest and planting seasons. They are usually driven behind potato digging machines, which drop potatoes into the box. When the box is full, the vehicle is driven to a warehouse.

The movement from field to warehouse may require brief travel on public highways. Respondents received citations for operating unregistered vehicles on a highway, in violation of sec. 341.04(1), Stats.[3]

---

[1] Section 341.26(3)(a), Stats., provides:

(3)    In recognition of the relationship of the basic economy of the state to agriculture and the production and marketing of milk, there shall be paid to the department for the annual registration of the following vehicles the fees prescribed in this subsection:

(a)    For each farm truck having a gross weight of 12,000 pounds or less, a fee of $21. For each farm truck having a gross weight of more than 12,000 pounds, a fee which is one-fourth of the fee prescribed in s. 341.25(2) for a motor truck having the same gross weight.

[2] Section 341.05(17), Stats., provides:

A vehicle, even though operated upon a highway of this state, is exempt from registration when such vehicle:

(17)    Is an emplement of husbandry.

[3] Section 341.04(1), Stats., provides in pertinent part:

Except during a state of emergency proclaimed under ch. 166:

147

Because the application of a statute to undisputed facts is a question of law, we owe no deference to the decision of the circuit court.[4] *NCR Corp. v. Department of Revenue,* 112 Wis. 2d 406, 409, 332 N.W.2d 865, 867 (Ct.App. 1983). Section 341.05(17), Stats., provides that a vehicle, even though operated upon a highway of this state, is exempt from registration when such vehicle is "an implement of husbandry." An "implement of husbandry" is defined by sec. 340.01(24), Stats., as "a vehicle or piece of equipment or machinery designed for agricultural purposes, used exclusively in the conduct of agricultural operations and used principally off the highway, or a trailer-mounted bulk liquid fertilizer container."

Where a word or phrase is specifically defined in a statute, its meaning is as defined in the statute, and no other rule or statutory construction need be applied. *Britton v. Transportation Department,* 123 Wis. 2d 226, 229, 365 N.W.2d 919, 921 (Ct.App. 1985). For a vehicle other than a trailer-mounted bulk liquid fertilizer container, the statute requires three tests to determine whether it is an implement of husbandry.

The first test is whether a vehicle is designed for agricultural purposes. That test has been met because the potato boxes are permanently attached to the trucks' chassis and have no other use than harvesting

---

(1)    It is unlawful for any person to operate or for an owner to consent to being operated on any highway of this state any motor vehicle, mobile home, trailer or semitrailer or any other vehicle for which a registration fee is specifically prescribed unless at the time of operation the vehicle in question either is registered in this state . . . or is exempt from registration.

[4] The parties submitted these cases on stipulated facts.

and transporting potatoes to warehouses. Furthermore, the trucks have reduced gearing to provide slower operating speeds necessary in the fields.

The second test is whether a vehicle is used exclusively in the conduct of agricultural operations. A single non-exempt use of an otherwise exempt motor vehicle supports a conviction for operating an unregistered motor vehicle during that use. *State v. Ralph Hamel Forest Products, Inc.,* 110 Wis. 2d 352, 355, 328 N.W.2d 884, 886 (Ct.App. 1982). However, a slight, incidental non-exempt use of a vehicle does not forever destroy the exemption. *Wisconsin Fertilizer Asso. v. Karns,* 52 Wis. 2d 309, 321–22, 190 N.W.2d 513, 519 (1971). Nowhere in this record is there any indication that the vehicles are used for anything but the harvesting of potatoes.[5] The second test has been met.

The last test is whether the vehicle is used principally off the highway. The vehicles spend virtually all their operating time either being loaded in the field or unloaded at a receiving station. Highway use accounts for a *de minimis* percentage of total operating time. The vehicles meet the third test.

## FARM TRUCKS

The state contends that the "implement of husbandry" statute is a general statute and that not all vehicles used by farmers in agricultural operations, even

---

[5] The state notes but does not pursue the question whether a one-time use of one of the vehicles to transport seed potatoes affected the definition of the vehicle as an implement of husbandry.

The fact that some of the vehicles are sometimes used to harvest corn rather than potatoes is not relevant.

if used exclusively in agricultural operations and operated principally off public highways, are implements of husbandry. The state concludes that the transportation of farm products by motor trucks equipped with potato boxes makes the vehicles farm trucks as defined in sec. 340.01(18), Stats. We disagree.

Section 340.01(18), Stats., also provides a three-part test of whether a motor truck qualifies as a "farm truck." The truck must be used primarily for:

> (1) "the transportation of supplies, farm equipment and products on the owner's farm or between his or her farms,"
> (2) "the transportation of farm products from the owner's farm to market, and"
> (3) "the transportation of supplies to his or her farm."

Additionally, a farm truck must be designed, used or maintained primarily for the transportation of property. Sec. 340.01(34).

The state would have us focus exclusively on the language, "transportation of . . . products on the owner's farm or between his or her farms." We cannot ignore words in a statute to achieve a desired construction. *City of Hartford v. Godfrey,* 92 Wis. 2d 815, 820–21, 286 N.W.2d 10, 13 (Ct.App. 1979). Rather, a statute should be construed to give effect to its leading idea, and the entire statute should be brought into harmony with its purpose. *Cornellier Fireworks Co. v. St. Croix Co.,* 119 Wis. 2d 44, 46, 349 N.W.2d 721, 722 (Ct.App. 1984).

The legislature has chosen to define a vehicle in part by the use to which it is put. Enforcement of licensing laws therefore involves observation of the vehicle during its operation. Because uses change, the clas-

sification of a vehicle may shift without the knowledge of either the Department of Transportation or the vehicle's owner. The difference between an implement of husbandry and a farm truck is determined not so much by how the vehicle looks, but by how it is used. Section 340.01(18), Stats., permits and even requires a far broader range of uses than sec. 340.01(24). For instance, there is no "used principally off the highway" requirement in the definition of "farm truck." The statute contemplates just the reverse, permitting uses which usually require traveling solely on a highway.

Section 340.01(24), Stats., is specific. It has both "design" and "off road" restrictions not contained in sec. 340.01(18). When a general statute and a specific statute relate to the same subject matter, the specific statute controls. *Kramer v. Hayward,* 57 Wis. 2d 302, 311, 203 N.W.2d 871, 876 (1973). Under the state's theory, we would ignore the legislature's use of the conjunctive in sec. 340.01(18). Though the vehicles might become farm trucks for the time they are used for a non-exempt purpose, the citations were not for such a use.[6] On the facts agreed to by the parties, the trial court properly concluded that the vehicles were implements of husbandry.

The state also argues that the statutory provisions which exempt implements of husbandry should be strictly limited and whenever any ambiguity appears, the general legislative purpose of vehicle safety should control. *Wisconsin Fertilizer Asso.,* 52 Wis. 2d at 317–18, 190 N.W.2d at 517. Applying sec. 340.01(24), Stats.,

---

[6] Increased highway use might eventually affect the "used primarily off the highway" requirement of sec. 340.01(24), Stats.

to the stipulated facts results in no ambiguity. The potato box vehicles easily meet each of the three statutory tests. Furthermore, we are not convinced that highway safety would be better promoted by encouraging farmers to mount potato boxes on wagon frames and then pull them on highways with farm tractors.

*By the Court.*—Order affirmed.