Linda SHEELY, Petitioner-Respondent,

v.

Wisconsin DEPARTMENT OF HEALTH &
SOCIAL SERVICES, Appellant.†

Court of Appeals

*No. 87–2121. Submitted on briefs February 15, 1988.—Decided
May 26, 1988.*

(Also reported in 426 N.W.2d 367.)

† Petition to review granted.

328

For the appellant the cause was submitted on the brief of *Jay C. Gitchel,* Department of Health & Social Services.

For the petitioner-respondent the cause was submitted on the brief of *Thomas L. Rhorer* and *Western Wisconsin Legal Services,* of La Crosse.

Before Dykman, Eich and Sundby JJ.

DYKMAN, J.   The Department of Health and Social Services (DHSS) appeals from a judgment[1] granting Linda Sheely's motion for costs and attorney

---

[1]The document appealed from is entitled "Memorandum of Decision on Motion for Costs." Section 808.03(1), Stats., provides that only final orders or judgments may be appealed as a matter of right. We must examine the document to determine if the trial court intended it to be the final determination in this matter. *Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 493–94, 326 N.W.2d 240, 241 (1982). If so, the document is final, and appealable of right. *Id.* The trial court granted Sheely's motion for costs pursuant to sec. 814.245, Stats., because the court concluded that Sheely was the prevailing party, that the agency's position was not substantially justified and no special circumstances existed that would make an award unjust. The reasonableness of the fees was uncontested. The court contemplated no further action. We therefore treat the memorandum decision as a final judgment.

fees under sec. 814.245(3) Stats.,[2] Wisconsin's Equal Access to Justice Act. The issues are whether this was an action "by a state agency" within the meaning of sec. 814.245(3), whether sec. 814.245(3) allows costs and attorney fees to be assessed against an agency in its adjudicative capacity and whether this was a "proceeding for judicial review under sec. 227.485(6), Stats."[3] We conclude that this was not an action "by a state agency" within the meaning of sec. 814.245(3), that sec. 814.245(3) does not allow attorney fees and costs to be assessed against a state agency acting in its adjudicative capacity, and that this was not a "proceeding for judicial review under s. 227.485(6)." Therefore we reverse.

## FACTS

Section 49.47(4)(a), Stats., provides in relevant part: "Any individual who meets the limitations on income and resources ... shall be eligible for medical assistance under this section if such individual is: 4. ... totally and permanently disabled as defined under federal Title XVI." The Bureau of Social Security Disability Insurance (BSSDI) determined that Sheely was not disabled under the federal law,[4] and denied

---

[2]Section 814.245(3), Stats., provides:

> If an individual ... is the prevailing party in any action by a state agency or in any proceeding for judicial review under s. 227.485(6) and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

[3] For the text of sec. 227.485(6), Stats., see p. 334, infra.
[4]42 U.S.C. sec. 1382c(a)(3) provides in pertinent part:

Sheely disability benefits. Based on BSSDI's determination, the Juneau County Department of Social Services denied Sheely medical assistance.

Sheely contested Juneau county's determination of her medical assistance ineligibility at a DHSS administrative hearing. Although the hearing examiner was reviewing Juneau county's decision denying Sheely medical assistance benefits, the examiner concluded that BSSDI's determination should be sustained. The examiner then ordered that Sheely's petition for review of Juneau county's action be dismissed.

Sheely sought judicial review of the hearing examiner's decision. The circuit court remanded the case for reconsideration after concluding that the hearing examiner had failed to apply the correct legal standards.

After a subsequent hearing was scheduled, the BSSDI approved Sheely for disability benefits. Be-

> (A) An individual shall be considered to be disabled for purposes of this title if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical ... impairment ... which has lasted or can be expected to last for a continuous period of not less than twelve months ....
>
> (B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical ... impairment ... [is] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

cause the BSSDI determination automatically qualified Sheely for medical assistance benefits, thus rendering the issue in the DHSS hearing moot, Sheely requested that the DHSS close her file. She did not move the hearing examiner for costs under sec. 227.485(3), Stats.

Sheely then moved the circuit court for costs and attorney fees under sec. 814.245, Stats., alleging that "the state agency was not 'substantially justified in taking its position.'" The circuit court awarded Sheely costs and fees after concluding that Sheely was a "prevailing party" and that DHSS's position was not "substantially justified."

■ The interpretation of a statute is a question of law which we review *de novo. In Interest of J.V.R.,* 127 Wis. 2d 192, 199, 378 N.W.2d 266, 269 (1985). Normally our interpretation of sec. 814.245(3), Stats., is guided by federal case law "interpreting substantially similar provisions under the federal equal access to judgment act." Section 814.245(1). However, because our construction of the phrase "state agency" disposes of this appeal, we need not review federal case law.

Section 814.245(3), Stats., allows a "prevailing party in any action by a state agency" to seek attorney fees and costs. The first question is whether this was an action "by a state agency." The DHSS claims that the medical assistance decision was made by the county, and that therefore sec. 814.245(3) does not apply. Sheely claims that: (1) this was "fundamentally" an appeal from the BSSDI, which is a subdivision of the Division of Community Services of the DHSS, and that therefore this was an action "by a state agency;" and (2) the hearing examiner is a DHSS employee, and therefore his action is an action "by a

state agency." Therefore, Sheely argues, sec. 814.245(3) applies.

We agree with the DHSS that the county, and not the DHSS, was a party to this action. Sheely petitioned the DHSS for review of the county's decision, and there was no "action by a state agency" within the meaning of sec. 814.245(3), Stats. Sheely's argument that this action was "fundamentally" a review of the underlying BSSDI decision, and that therefore sec. 814.245(3) applies, is unpersuasive. Sheely petitioned for review of the county's action, not the BSSDI's. Sheely's argument that an action by a DHSS examiner is an action "by a state agency" within the meaning of sec. 814.245(3) is also unpersuasive. Section 814.245(3) does not allow attorney fees and costs to be assessed against an agency acting in its adjudicative capacity. The plain language of sec. 814.245(3) and the related sec. 227.485(3), Stats., demonstrates that the legislature did not intend such a result. Section 227.485(3) distinguishes between the hearing examiner and the state agency, and provides that the hearing examiner is to evaluate the state agency's position. Section 814.245(3) does not mention the hearing examiner, but provides for judicial review of the state agency's position.

There is no express statutory authorization allowing attorney fees and costs to be taxed against a state agency acting in its adjudicative capacity, and without such express authorization, no attorney fees or costs are available. *Guthrie v. Wis. Employment Relations Comm.*, 107 Wis. 2d 306, 317, 320 N.W.2d 213, 219 (Ct. App. 1982), *aff'd*, 111 Wis. 2d 447, 331 N.W.2d 331 (1983). Also, because an award of costs against the state implicates sovereign immunity, and "[e]ven

though statutes allowing the taxation of costs against the sovereign are, in a sense, remedial, they are in derogation of the common law and should, therefore, be strictly construed." *Martineau v. State Conservation Comm.*, 54 Wis. 2d 76, 80, 194 N.W.2d 664, 666 (1972). Because of the lack of statutory language expressly authorizing costs and fees against the DHSS when acting in its adjudicative capacity, no such costs and fees are authorized in this case.

Section 814.245(3), Stats., also provides for costs and fees "in any proceeding for judicial review under s. 227.485(6)." Section 227.485(6), Stats., provides:

> A final decision under sub. (5) is subject to judicial review under s. 227.52. If the individual ... is the prevailing party in the proceeding for judicial review, the court shall make the findings applicable under s. 814.245 and, if appropriate, award costs related to that proceeding under s. 814.245, regardless of who petitions for judicial review. In addition, the court on review may modify the order for payment of costs in the final decision under sub. (5).

Section 227.485(5), Stats., provides:

> If the hearing examiner awards costs under sub. (3), he or she shall determine the costs under this subsection, except as modified under sub. (4). The decision on the merits of the case shall be placed in a proposed decision and submitted under ss. 227.47 and 227.48. The prevailing party shall submit, within 30 days after service of the proposed decision, to the hearing examiner ... an itemized application for fees and other expenses .... The hearing examiner shall determine the amount of costs using the criteria specified in s.

814.245(5) and include an order for payment of costs in the final decision.

Section 227.485(3), Stats., provides:

> In any contested case in which an individual ... is the prevailing party and submits a motion for costs under this section, the hearing examiner shall award the prevailing party the costs incurred in connection with the contested case, unless the hearing examiner finds that the state agency which is the losing party was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

As the tracing of the language of sec. 227.485(6), Stats., indicates, any "order for payment of costs" under sec. 227.485(5) assumes that there has been a "contested case" before a hearing examiner in which a state agency is a "party" and in which the prevailing party has moved the hearing examiner for costs. Section 227.485(3). Because the DHSS was not a "party" within the meaning of sec. 227.485(3) and Sheely never moved the hearing examiner for costs, as required under sec. 227.485(3), the prerequisites for a "proceeding for judicial review under s. 227.485(6)" do not exist.

■

Because we conclude that the DHSS was not a party within the meaning of sec. 814.245(3), Stats., and that sec. 814.245(3) does not allow costs and fees to be granted against a state agency acting in its adjudicative capacity, we reverse. Because these issues are dispositive, we need not reach the other issues.

*By the Court.*—Judgment reversed.

SUNDBY, J. (*dissenting*). Wisconsin's Equal Access to Justice Act (WEAJA), secs. 227.485 and 814.245, Stats., applies at the agency level, and at the judicial level upon a petition for review. The department appeals from an award of costs to Sheely upon her petition for review of a decision of a department hearing examiner affirming a determination of the Bureau of Social Security Disability Insurance that she is ineligible for medical assistance under sec. 49.47(4), Stats.

The majority concludes that the trial court erred in awarding her costs under sec. 814.245(3), Stats., because (1) this was not an action by a state agency; (2) sec. 814.245(3) does not allow the court to assess costs against a state agency acting in its "adjudicative" capacity; and (3) this was not a proceeding for judicial review under sec. 227.485(6), Stats.

(1) *Action by a State Agency.* This is a nonissue because Sheely does not claim that she was the prevailing party in an action by a state agency. Actions by state agencies are included in sec. 814.245(3), Stats., because there are actions, for example, forfeiture actions, which are not preceded by a contested case hearing subject to sec. 227.485(3), Stats. The award of costs in this case was made pursuant to that portion of sec. 814.245(3) which applies to a "proceeding for judicial review under [sec.] 227.485(6)."

(2) *Adjudicative Capacity.* The WEAJA does not exempt state agencies acting in an "adjudicative" capacity. The majority fashions this exemption out of the state's sovereign immunity and lack of express statutory authorization in the WEAJA to allow attorney fees and costs to be taxed against a state agency acting in its adjudicative capacity. I accept that

336

"[w]aivers of immunity must be 'construed strictly in favor of the sovereign,' and not 'enlarge[d] beyond what the language requires.'" *Ruckelshaus EPA v. Sierra Club.* 463 U.S. 680, 685 (1983) (citations omitted). Contrary to the majority, I find express authorization in the WEAJA to authorize the trial court to award costs, including a reasonable attorney fee, against a state agency upon a petition for review of a decision of the agency. Strict construction of a statute does not permit a court to engraft exemptions to the plain language of a statute.

Plainly, sec. 814.245(3), Stats., requires the court to award costs to the prevailing party "in any proceeding for judicial review under [sec.] 227.485(6)," Stats., unless the court finds that the state agency is substantially justified in its position or that special circumstances exist that would make the award unjust. It is profitless to apply a rule of strict construction to sec. 814.245 without examining what is a proceeding for judicial review under sec. 227.485(6). I therefore turn to a consideration of that statute.

(3) *Proceeding for Judicial Review Under Sec. 227.485(6), Stats.* Section 227.485(6), Stats., provides:

> A final decision under sub. (5) is subject to judicial review under s. 227.52. If the individual, small nonprofit corporation or small business is the prevailing party in the proceeding for judicial review, the court shall make the findings applicable under s. 814.245 and, if appropriate, award costs related to that proceeding under s. 814.245, regardless of who petitions for judicial review. In addition, the court on review may modify the order for payment of costs in the final decision under sub. (5).

The majority concludes that there are two prerequisites for a proceeding for judicial review under sec. 227.485(6), Stats. First, there must have been a contested case before a hearing examiner in which a state agency was a party. Second, the prevailing party must have moved the hearing examiner for costs.

The majority must believe that sec. 227.485(6), Stats., permits judicial review only of an order for costs and not a decision on the merits. This is the only reading of sec. 227.485(6) which is consistent with the majority's conclusion. However, that reading is contrary to the plain language of sec. 227.485(6) and the legislative purpose in enacting the WEAJA.

I conclude that a petition for judicial review under sec. 227.485(6), Stats., includes a petition for review of a final decision of an administrative agency which is subject to judicial review under sec. 227.52.

The first sentence of sec. 227.485(6), Stats., is: "A final decision under sub. (5) is subject to judicial review under s. 227.52." Subsection (5) of sec. 227.485 provides in part: "The decision on the merits of the case shall be placed in a proposed decision and submitted under ss. 227.47 and 227.48." This is the "final decision" referred to in subsection (6). Section 227.47 provides in part: "Every proposed or *final decision* of an agency or hearing examiner following a hearing and every *final decision* of an agency shall be in writing accompanied by findings of fact and conclusions of law." (Emphasis added.) Section 227.48 provides how such decisions shall be served and filed.

An award of costs under sec. 227.485(3), Stats., is accomplished in the usual way when a statute allows a discretionary award of costs and fees in administrative or judicial proceedings. First, the decision on the merits is placed in a proposed decision and submitted

under secs. 227.47 and 227.48. The prevailing party may then submit, within thirty days after service of the decision, to the hearing examiner and to the state agency, an itemized application for fees and other expenses, including an itemized statement as to attorney fees. Sec. 227.485(5). The state agency has fifteen working days to respond. *Id.* The hearing examiner then determines the costs "and include[s] an order for payment of costs in the final decision." *Id.* If, as the majority concludes, the only final decision under sec. 227.485(5) is an award of costs, this clause is meaningless.

Thus, a final decision under sub. (5) which is subject to judicial review under sec. 227.52, Stats., is not only the award of costs but is the final decision on the merits under sec. 227.47. This is further borne out by the last sentence of sec. 227.485(6) which provides: "In addition, the court on review may modify the order for payment of costs *in the final decision* under sub. (5)." (Emphasis added.) If the majority is correct, the reference to the order for payment "in the final decision" is meaningless gibberish.

I agree with the majority that, before a hearing examiner may award costs under sec. 227.485(3), Stats., the state agency must be a party. I do not agree, however, that the trial court may not award fees and costs under sec. 814.245(3), Stats., unless the state agency was a party to the administrative proceedings under ch. 227. If the agency appears in the proceeding for judicial review under sec. 227.485(6), the trial court, if the other requirements of the statute are satisfied, shall award costs and fees against the state agency. The interpretation of the federal EAJA supports this conclusion. The legislature has admonished us that when we interpret the WEAJA we be guided

by federal case law, as of November 20, 1985, interpreting substantially similar provisions under the federal act, 5 U.S.C. sec. 504. *See* secs. 227.485(1) and 814.245(1).

The federal EAJA authorizes federal agencies, under 5 U.S.C. sec. 504(a)(1), and courts, under 28 U.S.C. sec. 2412(d)(1)(A), to award attorney fees to parties who prevail against the government in "adversary adjudications." An "adversary adjudication" is defined as a determination "on the record after opportunity for an agency hearing," 5 U.S.C. sec. 554(a), with certain inapplicable exceptions, "in which the position of the United States is represented by counsel." 5 U.S.C. sec. 504(b)(1)(C). Under these provisions it has been held that proceedings before the social security administration are not adversary adjudications and are thus excluded from coverage. *See Clifton v. Heckler,* 755 F.2d 1138, 1142 (5th Cir. 1985). However, the federal EAJA has been held to apply to actions for judicial review of final decisions of the secretary of the social security administration brought under the social security act. *Id.* at 1143. The *Clifton* court said that the legislative history of the federal EAJA supports the proposition that congress intended the act to cover civil actions to review decisions of the secretary. *Id.* This legislative history is significant in construing the WEAJA because the federal EAJA is "substantially similar" to the WEAJA. I conclude that the trial court shall award fees and costs under sec. 814.245(3), Stats., if the other conditions of the statute are met, if the state agency appears in a proceeding for judicial review under sec. 227.485(6), Stats.

Contrary to the majority's assertion, the department appeared in this proceeding and was a party. The order of the acting director of the office of

administrative hearings dated March 31, 1986 deny-
ing Sheely's request for a rehearing states:

> This is the final administrative decision of the
> Department of Health and Social Services. You
> may appeal this decision to [the] Circuit Court
> within 30 days of the date of this decision. *In an
> appeal to [the] Circuit Court, the respondent is the
> Wisconsin Department of Health and Social Ser-
> vices* .... (Emphasis added.)

Upon Sheely's appeal, the department of health
and social services filed a notice of appearance by
Donald P. Johns, assistant attorney general, and
stated its position in which it "respectfully pray[ed]
that this court refuse to reverse, vacate or modify
upon any of the grounds or for any of the reasons set
forth in the petition its decision and order of March
31, 1986, and thereby affirm said decision and order."

There is an overriding canon of statutory con-
struction which compels the conclusion that the
WEAJA was intended to require trial courts, if the
statutory conditions are satisfied, to award costs and
fees against state agencies when they appear in
proceedings for judicial review of final decisions of
state agencies, as defined in sec. 227.47, Stats. That
canon is that a statute should be construed to give
effect to its leading idea. *State v. Okray Produce Co.,
Inc.,* 132 Wis. 2d 145, 150, 389 N.W.2d 825, 827 (Ct.
App. 1986). We are admonished that our purpose in
construing a statute is to ascertain and give effect to
the intent of the legislature. *State v. Denter,* 121 Wis.
2d 118, 122, 357 N.W.2d 555, 557 (1984).

The WEAJA was created by 1985 Wis. Act 52. The
analysis by the Legislative Reference Bureau states,
in part: "This bill provides procedures for awarding a

more complete recovery of actual costs for individuals and small businesses if they prevail in an administrative contested case proceeding *or judicial review of a contested case proceeding,* regardless of who initiates the proceeding or review, or in a court action brought by a state agency." (Emphasis added.)

The enactment of the WEAJA followed the enactment of the federal act, and, as we have seen, the legislature has stated that the federal act contains provisions "substantially similar" to the Wisconsin Act. In *Clifton,* 755 F.2d at 1142, it is stated: "The EAJA was enacted to lessen the likelihood that challenges to bureaucratic action would be deterred by the high cost of litigating against the government."[1] The WEAJA was enacted for similar reasons.

The majority's construction of the WEAJA would seriously compromise the legislative purpose in enacting the Act. Its construction of the Act is unreasonable. I reject that construction and dissent.

---

[1]The *Clifton* court suggested that for a thorough discussion of the federal EAJA's purposes and antecedents, we should see Dods & Kennedy, *The Equal Access to Justice Act,* 50 UMKC L. Rev. 48 (1981); Robertson & Fowler, *Recovering Attorneys' Fees from the Government Under the Equal Access to Justice Act,* 56 Tul. L. Rev. 903 (1982); Note, *The Equal Access to Justice Act in the Federal Courts,* 84 Colum. L. Rev. 1089 (1984); Comment, *The Equal Access to Justice Act: How to Recover Attorney's Fees and Litigation Expenses from the United States Government,* 13 U. Tol. L. Rev. 149 (1981). *Clifton,* 755 F.2d at 1142 n. 5.