Bruce GORDON, M.D., Petitioner-Appellant,†

v.

STATE of Wisconsin MEDICAL EXAMINING BOARD,
Respondent-Respondent.

Court of Appeals

*No. 98–2144. Submitted on briefs January 12, 1999.—Decided
March 4, 1999.*

(Also reported in 593 N.W.2d 481.)

†Petition to review denied.

552

■■■■■■■■■■■■■■■■

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Curtis C. Swanson, Joy L. O'Grosky* and *Nicholas S. Harned* of *Axley Brynelson, LLP* of Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Bruce A. Olsen,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

DEININGER, J.    Bruce Gordon, M.D., appeals a circuit court order which affirmed the decision of the State Medical Examining Board to deny him an award for costs he incurred in defending himself in disciplinary proceedings commenced by the Department of Regulation and Licensing (DRL). The parties do not dispute that Gordon was a prevailing party under § 227.485, STATS., but they disagree on whether the DRL was substantially justified in pursuing the disciplinary action against him. The decisive issue, however, is whether the board had subject matter jurisdiction over Gordon's claim for costs and fees, given that he did not apply for an award of costs within thirty days of the proposed administrative decision on

the merits of the case. *See* § 227.485(5).[1] We conclude that Gordon's failure to apply for costs and fees within the statutory period is fatal to his claim. Accordingly, we affirm the appealed order.

## BACKGROUND

This is the second time that the issue of costs in the disciplinary proceedings against Dr. Gordon has been before us. In our first opinion, *Gordon v. Medical Examining Board,* No. 94–2919-FT, unpublished slip op. (Wis. Ct. App. Feb. 23, 1995), we summarized the background facts as follows:

> The Division of Enforcement of the Department of Regulation and Licensing commenced this action with a complaint against Gordon alleging fourteen counts of unprofessional conduct. To settle the matter, Gordon offered to accept an adverse finding if the sanction was limited to retraining at his expense. The division rejected the offer, demanding a ninety-day suspension of Gordon's license to practice, an indefinite suspension of his right to prescribe certain controlled substances, and completion of a specified retraining program. The division also demanded that Gordon pay its costs during the proceeding. Gordon refused to accept those terms because he believed that a license suspension would ruin his practice. As a result, the matter proceeded to an evidentiary hearing before an administrative law judge on ten of the original fourteen counts.
>
> The board ultimately found against Gordon on four counts. He was reprimanded and ordered to

---

[1] The subsections of § 227.485, STATS., that are relevant to the jurisdictional issue are quoted below in the text of our opinion.

attend retraining on the prescription of abusable substances.

Gordon subsequently moved the board for an award of costs as the prevailing party. The board denied Gordon's request on the ground that the division was substantially justified in prosecuting the action.

In reviewing the board's initial denial of costs, we noted that § 227.485, STATS., "allows actual costs against a State agency in a contested administrative proceeding if the other party prevails and the agency's position was not substantially justified." We concluded that Gordon was the prevailing party and that the board had improperly placed the burden on Gordon to show that that his prosecution was not substantially justified. We remanded for the board to determine "whether the division satisfied its burden of showing that its pursuit of the particular sanctions, including a license suspension, had any reasonable basis in the facts of the case."

On remand, the board determined both that it lacked jurisdiction to consider an award of costs because Gordon's request was untimely, and that the DRL had established by substantial evidence that it was substantially justified in prosecuting Gordon. The DRL had raised the jurisdictional issue during the board's first consideration of Gordon's application for costs and fees, but the board's initial decision on costs did not address it, and the issue was not raised during review of the board's initial decision in the circuit court and this court.[2]

---

[2] Gordon claims in his brief that the board's initial decision rejected the DRL's jurisdictional argument "by implication," and he implies that the issue was abandoned because it was not raised during judicial review of the initial decision on costs. We

The circuit court affirmed the board's second denial of Gordon's request for an award of costs on both the jurisdictional and "substantial justification" grounds. Gordon appeals the circuit court's order.

## ANALYSIS

In an appeal of a circuit court order affirming an agency decision, we review the agency's decision, not the trial court's decision. *See Sterlingworth Condominium Ass'n v. DNR*, 205 Wis. 2d 710, 720, 556 N.W.2d 791, 794 (Ct. App. 1996). The board's decision regarding whether Gordon's petition for costs was timely filed required it to interpret and apply § 227.485, STATS. We conclude that this jurisdictional issue is dispositive, and that it is a question of law because it involves the application of a statute to undisputed facts. *See Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981). When reviewing an agency's legal conclusion, a court may apply one of three levels of deference to the agency's interpretation of the law:

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the [law], the agency determination is

disagree. The board's initial decision on costs was silent on the jurisdictional issue. The DRL was not a party to the initial judicial review proceedings, nor is it a party to the present appeal. While the board, as respondent, could have advanced during review proceedings additional justifications for sustaining its action, it was not obligated to do so. Moreover, whether Gordon complied with the statutory time limit for requesting costs is a "jurisdictional question [which] cannot be waived and may be first raised on appeal." *See Sheely v. DHSS*, 150 Wis. 2d 320, 330, 442 N.W.2d 1, 6 (1989).

entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the de novo standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented.

*Jicha v. DILHR*, 169 Wis. 2d 284, 290–91, 485 N.W.2d 256, 258–59 (1992) (citations omitted).

Neither party discusses in his or its brief what level of deference we should accord the board's interpretation of § 227.485, STATS. The board acknowledges the apparent novelty of the issue by requesting that our opinion be published because "the time limits required by statute for filing claims for attorneys fees . . . [has not been] addressed in prior published opinions." The issue is, moreover, one of general administrative law and procedure, not one that calls particularly upon the board's "technical competence and specialized knowledge." Finally, because the board offers no justification for our according its interpretation either due or great weight deference, we will interpret § 227.485 de novo, as did the trial court in its review of the board's decision.

The proper interpretation of the following subsections of § 227.485, STATS., is at issue:

(3) In any contested case in which an individual, a small nonprofit corporation or a small business is the prevailing party and submits a motion for costs under this section, the hearing examiner shall award the prevailing party the costs incurred in connection with the contested case,

unless the hearing examiner finds that the state agency which is the losing party was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

. . . .

(5) If the hearing examiner awards costs under sub. (3), he or she shall determine the costs under this subsection, except as modified under sub. (4). The decision on the merits of the case shall be placed in a proposed decision and submitted under ss. 227.47 and 227.48. The prevailing party shall submit, within 30 days after service of the proposed decision, to the hearing examiner and to the state agency which is the losing party an itemized application for fees and other expenses, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The state agency which is the losing party has 15 working days from the date of receipt of the application to respond in writing to the hearing examiner. The hearing examiner shall determine the amount of costs using the criteria specified in s. 814.245 (5) and include an order for payment of costs in the final decision.

(6) A final decision under sub. (5) is subject to judicial review under s. 227.52. If the individual, small nonprofit corporation or small business is the prevailing party in the proceeding for judicial review, the court shall make the findings applicable under s. 814.245 and, if appropriate, award costs related to that proceeding under s. 814.245, regardless of who petitions for judicial review. In addition, the court on review may modify the order for payment of costs in the final decision under sub. (5).

The board noted in its decision that the hearing examiner issued and served his "Proposed Decision recommending dismissal of all remaining counts of unprofessional conduct against Dr. Gordon" on March 19, 1993. The board concluded that Gordon was thus the "prevailing party in the proceeding upon service on March 19, 1993 of the . . . Proposed Decision recommending dismissal of the entire proceeding." Finally, it determined that Gordon's time to apply for costs and fees expired on April 18, 1993, and because he did not apply for costs until December 10, 1993, "neither the Board nor the courts have jurisdiction to consider or grant Dr. Gordon's motion, and it must be denied."

Gordon does not argue that the statute is ambiguous. Rather, his argument is that "the statute is clear," that the board simply read it wrong, and that Gordon had, in fact, followed the proper procedure for someone in his position to obtain costs against an agency. Because a determination of who the prevailing party is cannot be made until there is a "final decision," Gordon asserts that he properly waited until after the board rendered its final decision on November 18, 1993, to file his application for costs and fees. According to Gordon, the hearing examiner should then have proceeded under § 227.485(3), STATS., to determine whether he was indeed the prevailing party under the final decision, and whether the DRL was substantially justified in taking the position it did in the proceedings.

Gordon asserts that the hearing examiner should have next proceeded under § 227.485(5), STATS., to issue a proposed decision containing the costs-related determinations made under sub. (3), which Gordon asserts are "the merits of the case" pertaining to the costs issue. Then, under Gordon's interpretation, within thirty days of the proposed decision on costs,

Gordon would have submitted his "itemized application for fees and expenses" for the hearing examiner's review, following which the examiner would include "an order for payment of costs in the final decision" on the costs issue. According to Gordon, this second final decision is then also subject to judicial review under § 227.485(6).

We conclude that Gordon presents an unreasonable interpretation of § 227.485, STATS. There is no indication in the statute that a second and totally separate set of "proposed" and "final" decisions are to be issued on the issue of costs following a final decision on the merits of an administrative action. We do agree with Gordon, however, that the meaning of the statute is clear—it plainly requires a prevailing party to request costs within thirty days of service of the proposed decision "on the merits of the case," a period which expired in the present proceedings on April 18, 1993.

Gordon relies on *Sheely v. DHSS*, 150 Wis. 2d 320, 332, 442 N.W.2d 1, 7 (1989), to support his assertion that the reference in § 227.485(5), STATS., to a "decision on the merits of the case," which is to "be placed in a proposed decision," means a separate determination on whether costs should be awarded, not the decision on the merits of the underlying administrative action. The board makes three responses to Gordon's reliance on *Sheely*: (1) *Sheely* is largely inapposite since it deals primarily with § 814.245, STATS., not § 227.485, STATS.; (2) Gordon's reading of *Sheely* is as strained as his reading of the statute; and (3) *Sheely,* to the extent that it addresses § 227.485(5), actually supports the board's interpretation of the statute. We agree on all three points.

In *Sheely,* the supreme court considered whether a circuit court properly awarded a party costs under § 814.245(3), STATS., after she prevailed following a remand in judicial review proceedings to review the denial of her application for medical assistance benefits. That statute permits a court to award costs and fees to a qualified prevailing party in "any action by a state agency or in any proceeding for judicial review under s. 227.485(6)." The supreme court concluded that the circuit court retained jurisdiction to assess costs and fees under § 814.245, STATS., even though it had remanded for a re-determination of the merits of Sheely's claim for benefits. *See Sheely,* 150 Wis. 2d at 323, 442 N.W.2d at 3. Within thirty days of the final, post-remand administrative decision resulting in her eligibility for benefits, Sheely petitioned the court for an award of costs and fees under § 814.245(3), STATS., and the circuit court granted the petition. *See id.* at 327–28, 442 N.W.2d at 5.

Gordon seizes upon the following sentence in *Sheely* to support his assertion that the phrase "decision on the merits" in § 227.485(5), STATS., refers to a second and separate decision on the merits of a request for costs: "Whether a party is a 'prevailing party' is a question on the merits of the case as to whether that party received the benefits or relief requested." *Sheely,* 150 Wis. 2d at 332, 442 N.W.2d at 7. Gordon's intended application of this sentence to the present dispute fails, however, because the sentence is taken out of context. The supreme court's statement that a determination of whether a party has prevailed in an administrative action, or court review thereof, is a "question on the merits of the case" was made in reference to the court's rejection of an argument that "whether Sheely is a 'prevailing party' presents a jurisdictional question."

*Id.* As the board notes in its decision, the portion of the supreme court's discussion cited by Gordon has nothing to do with § 227.485(5), STATS.

The court went on in the *Sheely* opinion to discuss the interrelationship between § 227.485, STATS., and § 814.245, STATS., concluding that an individual who ultimately prevails following the judicial review of an initially adverse administrative decision may obtain costs and fees under the latter statute even though no request for costs had been made under the former during administrative proceedings. *See Sheely*, 150 Wis. 2d at 333–36, 442 N.W.2d at 7–9. In its discussion, the supreme court embraced the analysis of § 227.485, STATS., set forth in the dissent from this court's opinion in the case, *Sheely v. DHSS*, 145 Wis. 2d 328, 426 N.W.2d 367 (Ct. App. 1988).

In his dissent, Judge Sundby concluded that a party who believes he or she has prevailed in a contested administrative proceeding may obtain an award of costs as follows:

> An award of costs under sec. 227.485(3), STATS., is accomplished in the usual way when a statute allows a discretionary award of costs and fees in administrative or judicial proceedings. First, the decision on the merits is placed in a proposed decision and submitted under secs. 227.47 and 227.48. The prevailing party may then submit, within thirty days after service of the decision, to the hearing examiner and to the state agency, an itemized application for fees and other expenses, including an itemized statement as to attorney fees. Sec. 227.485(5). The state agency has fifteen working days to respond. *Id.* The hearing examiner then determines the costs "and include[s] an order for payment of costs in the final decision." *Id.* If, as the majority concludes, the only final decision under

562

sec. 227.485(5) is an award of costs, this clause is meaningless.

Thus, a final decision under sub. (5) which is subject to judicial review under sec. 227.52, STATS., is not only the award of costs but is the final decision on the merits under sec. 227.47.

*Sheely v. DHSS*, 145 Wis. 2d 328, 338–39, 426 N.W.2d 367, 371–72 (Ct. App. 1988) (Sundby, J., dissenting). Thus, we agree with the board that, rather than supporting Gordon's proffered interpretation of § 227.485, STATS., the interpretation embraced by the supreme court in *Sheely* greatly undermines Gordon's position.

Finally, Gordon argues that the board's interpretation of the statute results in "a gigantic waste of everyone's time." He points out that a hearing examiner's proposed decision on the underlying merits may well be rejected or modified by the final decisionmaker, as happened in this case. Thus, a prevailing party under the proposed decision may no longer be one under the final decision, or the party may have to file a second motion to address the costs issue after the final decision if it differs significantly from the proposed decision. We disagree that the board's interpretation of the statute results in any greater burden on the prevailing party, the affected agency, or the administrative decisionmaker than does Gordon's interpretation. Under the interpretation we adopt, a party who prevails in an agency's proposed decision must seek costs and fees within thirty days of the proposed decision, thereby permitting the hearing examiner to make appropriate findings on the entitlement to and amount of costs to be awarded. Any disputes regarding the hearing examiner's actions in this regard can then be resolved, along with the merits of the underlying matter, in one final decision by the

administrative decisionmaker, which, in turn, is subject to a single judicial review. This procedure seems at least as efficient, if not more so, than Gordon's proposed second and separate set of proceedings on the costs issue alone.

In summary, we conclude that the plain language of § 227.485(5), STATS., requires a prevailing party to submit an application for costs within thirty days of the service of the proposed decision on the merits of the disputed administrative action. This interpretation is supported, not diminished, by the supreme court's discussion and holding in *Sheely v. DHSS*, 150 Wis. 2d 320, 442 N.W.2d 1 (1989). Finally, Gordon has not argued that the statute is ambiguous, nor has he convinced us that its plain language can reasonably be interpreted as he asserts. Accordingly, Gordon's application for costs was not timely, and we therefore affirm the appealed order. Since we conclude that the board correctly determined that it lacked jurisdiction to award costs to Gordon, we do not address whether the board also correctly concluded that the DRL's position was substantially justified.

*By the Court.*—Order affirmed.