STATE of Wisconsin, Plaintiff-Respondent,

v.

MARSHLAND ACRES, INC., Defendant-Appellant.

Court of Appeals

*Nos. 2012AP2367, 2012AP2368, 2012AP2369. Submitted on briefs March 19, 2013.—Decided April 2, 2013.*

2013 WI App 72

(Also reported in 832 N.W.2d 157.)

30

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy J. O'Brien* of *Bakke Norman, S.C.*, New Richmond.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jon D. Seifert*, district attorney, Durand.

Before Hoover, P.J., Mangerson, J., and Thomas Cane, Reserve Judge.

¶ 1. CANE, J. Following a bench trial, Marshland Acres, Inc., was found guilty of violating the vehicle width and weight restrictions set forth in Wis. Stat. §§ 348.05 and 348.15.[1] Marshland appeals, contending the vehicle in question qualifies as an "implement of husbandry" and is therefore exempt from the statutory restrictions. We disagree and affirm.

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under Wis. Stat. § 752.31(3) and Wis. Stat. Rule 809.41(1). All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## BACKGROUND

¶ 2. Marshland owns and operates a dairy farm in Pepin County. On August 25, 2011, the State cited Marshland for operating a vehicle with a width exceeding eight feet six inches, without a permit, contrary to WIS. STAT. § 348.05(1). On August 30, 2011 and January 17, 2012, the State cited Marshland for operating a vehicle that exceeded the weight limitation set forth in WIS. STAT. § 348.15(3)(c). All three citations involved the same vehicle—a truck designed and manufactured to transport and spread dry manure.

¶ 3. Marshland's manure spreader looks similar to a commercial dump truck, but it is equipped with a moving floor system that pushes manure toward the back of the truck, where it is then expelled by a spreading apparatus. Marshland uses the manure spreader to haul dry manure from its home farm to various other fields it owns and leases, and to distribute the manure onto those fields. Because some of the fields are detached from Marshland's home farm, Marshland employees must sometimes drive the spreader on state and county highways.

¶ 4. According to Marshland, the manure spreader was "developed to significantly reduce the labor and carbon footprint associated with spreading dry manure." This is because the manure spreader can carry as much as twenty-four tons of manure in a single trip. Marshland asserts that, without the manure spreader, transporting this amount of manure would require it to make between twenty and thirty separate trips with a tractor pulling a wagon.

¶ 5. Marshland does not use the manure spreader to transport farm products to market. It does not use the vehicle to perform commercial manure spreading

for any other farms. All the manure transported and spread by the vehicle is produced by Marshland's own cows.

¶ 6. In the circuit court, Marshland did not dispute that its manure spreader exceeds the statutory width and weight limitations. However, on March 19, 2012, Marshland moved to dismiss the excessive width citation, arguing the spreader qualifies as an "implement of husbandry" and is therefore exempt from the width restriction set forth in WIS. STAT. § 348.05(1). WISCONSIN STAT. § 348.05(2)(a) provides that there is no width limitation for an "implement[] of husbandry temporarily operated upon a highway in the course of performance of its work." WISCONSIN STAT. ch. 348 uses the definition of "implement of husbandry" found in WIS. STAT. § 340.01. *See* WIS. STAT. § 348.01(1). WISCONSIN STAT. § 340.01(24), in turn, states that the term "implement of husbandry":

(a) Means a vehicle or piece of equipment or machinery designed for agricultural purposes, used exclusively in the conduct of agricultural operations and used principally off the highway, or a trailer-mounted bulk liquid fertilizer container.

(b) Does not include any motor truck, farm truck, road tractor, truck tractor, or farm truck tractor or such a vehicle combined with a semitrailer, trailer or farm trailer, when the vehicle or combination is a commercial motor vehicle operated on a highway.

¶ 7. The circuit court denied Marshland's motion to dismiss. The court concluded the manure spreader met the first two requirements of WIS. STAT. § 340.01(24)(a) because it was designed for agricultural purposes and was used exclusively in the conduct of agricultural operations. However, before addressing the

34

last requirement of paragraph (a)—whether the vehicle was used principally off the highway—the court proceeded to address whether the spreader "meets the exception found in § 340.01(24)(b)."

¶ 8. The court determined the spreader met the first requirement of WIS. STAT. § 340.01(24)(b) because it qualified as both a motor truck and a farm truck. The court also determined that the spreader was a commercial motor vehicle, but it questioned whether the spreader was "operated on a highway." The court reasoned that a vehicle is not "operated on a highway" under § 340.01(24)(b) if it is " 'used principally off the highway' within the meaning of § 340.01(24)(a)." The court therefore looked for guidance to *State v. Okray Produce Co.*, 132 Wis. 2d 145, 389 N.W.2d 825 (Ct. App. 1986), a case interpreting the phrase "used principally off the highway." The court determined that, under *Okray Produce,* the applicable test is whether highway use accounts for a de minimis percentage of the vehicle's total operating time. Because the court could not make that determination based on the evidence before it, it set the matter for trial.

¶ 9. Before trial, the parties stipulated that the court's decision on whether the manure spreader qualified as an implement of husbandry would be dispositive as to the two excessive weight citations, as well as the excessive width citation.[2] After taking evidence, the

[2] The parties apparently assumed that the statutes regulating vehicle width and weight contained identical exemptions for implements of husbandry. It appears that assumption was incorrect. While WIS. STAT. § 348.05(2)(a) states that there is no width limit for an "implement[] of husbandry temporarily operated upon a highway in the course of performance of its work[,]" WIS. STAT. § 348.15 does not contain any similar weight-limit exemption. Neither party cites any statute or regulation

court found that highway use accounted for twenty-five to thirty percent of the spreader's total operating time. The court concluded this was more than de minimis highway use, and it therefore ruled that the spreader did not qualify as an implement of husbandry. Consequently, the court determined the spreader was not exempt from the width restriction in WIS. STAT. § 348.05(1) or the weight restriction in WIS. STAT. § 348.15(3)(c), and it found Marshland guilty of violating those statutes. The court ordered Marshland to pay $1621.34 in forfeitures, but the judgments were stayed pending appeal.

## DISCUSSION

■

¶ 10. Marshland argues the circuit court erred by concluding its manure spreader did not meet the statutory definition of an implement of husbandry. Statutory interpretation presents a question of law subject to

---

exempting implements of husbandry from compliance with the statutory weight limits, and our independent research has not revealed any exemption. Consequently, because it is undisputed that the spreader exceeded the applicable weight limit, it appears Marshland was guilty of violating § 348.15(3)(c), regardless of whether the manure spreader qualified as an implement of husbandry.

Notably, after the violations in this case occurred, the legislature created WIS. STAT. § 348.17(6), which sets forth a weight-limit exemption for certain vehicles used to "transport[] . . . manure to or from a farm[.]" *See* 2011 Wis. Act 279, § 2. However, the exemption in § 348.17(6) only applies "from September 1 to December 31 of each year[.]" Marshland's weight-limit violations occurred on August 11, 2011 and January 17, 2012. Thus, even if § 348.17(6) had been in effect at the time of the violations, it would not have exempted Marshland from complying with the statutory weight limit.

36

independent review. *State v. Arends*, 2010 WI 46, ¶ 13, 325 Wis. 2d 1, 784 N.W.2d 513. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Our analysis begins with the language of the statute, and if the statute's meaning is plain, our inquiry goes no further. *Id.*, ¶ 45. We construe statutory words and phrases "according to common and approved usage[,]" but "technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." WIS. STAT. § 990.01(1). Additionally, where statutory terms are undefined, we may look to a recognized dictionary for guidance. *Tele-Port, Inc. v. Ameritech Mobile Commc'ns, Inc.*, 2001 WI App 261, ¶ 17, 248 Wis. 2d 846, 637 N.W.2d 782.

¶ 11. WISCONSIN STAT. § 340.01(24) contains two paragraphs. Paragraph (a) describes vehicles that qualify as implements of husbandry, stating that the term means a vehicle or piece of equipment that is: (1) designed for agricultural purposes; (2) used exclusively in the conduct of agricultural operations; and (3) used principally off the highway.[3] *See* WIS. STAT. § 340.01(24)(a). Paragraph (b) then provides an exception to the definition in paragraph (a), stating that the term "implement of husbandry" does not include "any motor truck, farm truck, road tractor, truck tractor, or farm truck tractor" that is "a commercial motor vehicle operated on a highway." *See* WIS. STAT. § 340.01(24)(b).

[3] WISCONSIN STAT. § 340.01(24)(a) also states that "a trailer-mounted bulk liquid fertilizer container" is an implement of husbandry. Marshland does not argue that its manure spreader qualifies as a trailer-mounted bulk liquid fertilizer container.

As the State argues, under the statute's plain language, a vehicle that meets the criteria set forth in paragraph (b) is not an implement of husbandry. Thus, if paragraph (b) applies, it is not necessary to consider whether the vehicle would otherwise qualify as an implement of husbandry under paragraph (a).

██

¶ 12. The State contends that WIS. STAT. § 340.01(24)(b) applies because Marshland's manure spreader is a "motor truck" and is also "a commercial motor vehicle operated on a highway." The term "motor truck" means "every motor vehicle designed, used or maintained primarily for the transportation of property." WIS. STAT. § 340.01(34). The evidence at trial established that Marshland uses its manure spreader both to transport and to spread manure. Assuming for the moment that manure qualifies as property, we must therefore determine whether transportation of manure is the vehicle's primary use.

¶ 13. Marshland concedes on appeal that, without the manure spreader, it would have to make twenty to thirty trips with a tractor and wagon to transport the same amount of manure. Marshland also asserts that the vehicle's large size allows for a significant savings in both labor and energy. In the circuit court, Marshland admitted that "[t]he truck doesn't have to be that big to spread manure. It has to be that big because it wants to haul a lot of stuff." As the circuit court put it, "[T]he only reason for the vehicle to be this big is to haul a lot of stuff . . . [and] to carry more from one place to another place." We agree with the circuit court's assessment. The main benefit Marshland gains from using the manure spreader, as opposed to a different vehicle, is that it has to make far fewer trips to transport the same amount of manure. Based on the evidence ad-

38

duced at trial and on Marshland's concessions, we therefore conclude as a matter of law that the primary purpose of the manure spreader is to transport large quantities of manure to Marshland's fields for spreading.

■■

¶ 14.　Accordingly, the manure spreader is a motor truck if manure qualifies as "property." The term "property" is not defined in the relevant statutes. But, recognized dictionaries define property as "a thing or things belonging to someone[,]" *see* NEW OXFORD AMERICAN DICTIONARY 1366 (2001), and "something that is or may be owned or possessed[,]" *see* WEBSTER'S THIRD NEW INT'L DICTIONARY 1818 (unabr. 1993). Manure is a thing that belongs to and is owned and possessed by Marshland. In addition, BLACK'S LAW DICTIONARY defines property as "[a]ny external thing over which the rights of possession, use, and enjoyment are exercised[.]" BLACK'S LAW DICTIONARY 1252 (8th ed. 2004). Manure is an external thing over which Marshland exercises the rights of possession, use, and enjoyment. Consequently, manure is property.

¶ 15.　Marshland attempts to distinguish manure produced by its own cows from manure purchased from another entity, suggesting that the latter is property, but the former is not. We are not persuaded that this distinction is relevant. The crux of Marshland's argument is property must be acquired or purchased from an outside source. However, none of the definitions of "property" cited above contain that requirement, and Marshland does not cite any alternative definitions. Moreover, under Marshland's logic, the milk produced by its cows would not qualify as property because Marshland does not acquire that milk from an outside

source. It defies common sense to suggest that the milk produced by a dairy farm is not the dairy farm's property.

■■

¶ 16. Because manure qualifies as property, the manure spreader is a motor truck under Wis. Stat. § 340.01(34). As a result, we must next consider whether the spreader is "a commercial motor vehicle operated on a highway." *See* Wis. Stat. § 340.01(24)(b). The term "commercial motor vehicle" includes any motor vehicle with a gross vehicle weight rating of 26,001 or more pounds that is designed or used to transport passengers or property. *See* Wis. Stat. § 340.01(8)(a). It is undisputed that Marshland's manure spreader has a gross weight rating of over 26,001 pounds, and we have already concluded the manure spreader is used to transport property. Accordingly, the manure spreader is a commercial motor vehicle.

¶ 17. This leaves us with the question of whether the manure spreader was "operated on a highway." *See* Wis. Stat. § 340.01(24)(b). It is undisputed that the manure spreader was being operated on a highway at the time of the conduct giving rise to the citations. However, the circuit court concluded that the words "operated on a highway" required it to determine whether the spreader was "used principally off the highway," as that phrase is used in § 340.01(24)(a). We disagree. To meet the last requirement of § 340.01(24)(b), a vehicle must simply be operated on a highway. Unlike paragraph (a), paragraph (b) does not require a court to determine where the vehicle is principally used. Presumably, if the legislature had intended paragraph (b) to apply only to vehicles used principally on the highway, it would have said so.

40

Because the legislature did not, the circuit court erred by engrafting a principal use requirement onto paragraph (b).

¶ 18. Marshland cites *Okray Produce*, 132 Wis. 2d 145, and *Wisconsin Fertilizer Association v. Karns*, 52 Wis. 2d 309, 190 N.W.2d 513 (1971), for the proposition that WIS. STAT. § 340.01(24) requires a principal use determination in every case. Those cases are not on point, though, because they were decided before the legislature amended § 340.01(24) to add paragraph (b). *See* 1989 Wis. Act 105, § 24. The version of the statute interpreted in *Okray Produce* and *Karns* only included paragraph (a), which states that the term "implement of husbandry" means "a vehicle . . . used principally off the highway." WIS. STAT. § 340.01(24)(a). Under that version of the statute, a principal use determination was required in every case. By enacting paragraph (b), though, the legislature provided an exception to the definition in paragraph (a). If paragraph (b) applies, then the vehicle in question is not an implement of husbandry, and the elements of paragraph (a) are irrelevant. Here, Marshland's manure spreader meets all of the criteria in paragraph (b). As a result, the spreader is not an implement of husbandry, and it is unnecessary to consider the principal use requirement found in paragraph (a).[4]

---

[4] The State also argues that Marshland's reliance on *State v. Okray Produce Co.*, 132 Wis. 2d 145, 389 N.W.2d 825 (Ct. App. 1986), is misplaced because *Okray Produce* "was a [vehicle] registration case under [WIS. STAT. ch.] 341, which has its own definition of 'implement of husbandry.'" The State is correct that, under the current version of the statutes, ch. 341 has its own definition of that term. *See* WIS. STAT. § 341.01(2)(a). However, at the time *Okray Produce* was decided, ch. 341 did not define the term "implement of husbandry." Instead, it used the definition found in WIS. STAT. § 340.01(24). *See* WIS. STAT.

¶ 19. Marshland asserts this result is unfair because Wis. Stat. § 340.01(24)(a) specifically states that a "trailer-mounted bulk liquid fertilizer container" is an implement of husbandry. Marshland suggests there is no valid reason to treat its manure spreader differently from a vehicle that transports liquid fertilizer. Marshland also asserts there is no evidence that "the type of vehicle at issue in this case was in use anywhere in Wisconsin" in 1984, the year § 340.01(24)(a) was amended to include trailer-mounted bulk liquid fertilizer containers. *See* 1983 Wis. Act 124, § 1.

¶ 20. Given that the manure spreader is used to transport and spread manure, a form of fertilizer, we agree with Marshland that the result of this case is unfortunate. However, whether it is fair to classify one vehicle as an implement of husbandry, but not a similar vehicle, is a question for the legislature, not this court. We may not substitute our judgment for that of the legislature, and we may not rewrite the statutes. *City of Menasha v. Wisconsin Emp't Relations Comm'n*, 2011 WI App 108, ¶ 18, 335 Wis. 2d 250, 802 N.W.2d 531. Instead, where the legislature's meaning is plain, we must enforce statutory language as written. *See Kalal*, 271 Wis. 2d 633, ¶ 45. Under the relevant statutes' plain language, Marshland's manure spreader is not an implement of husbandry. Nevertheless, we suggest to the legislature that a reexamination of the relevant

§ 341.01 (1985–86). We therefore reject the State's argument that *Okray Produce*'s reasoning is limited to vehicle registration cases. Rather, *Okray Produce* is instructive in any case in which a court is called on to interpret the current version of § 340.01(24)(a), which is identical to the statute interpreted in *Okray Produce*.

statutes may be in order to prevent the same result from occurring in future cases.

¶ 21. Because Marshland's manure spreader does not qualify as an implement of husbandry, Marshland was not entitled to any exemption from the width and weight limitations in WIS. STAT. §§ 348.05 and 348.15. It is undisputed that the manure spreader exceeded the statutory limitations. Consequently, the circuit court properly entered judgment against Marshland on each of the three citations.

*By the Court.*—Judgments affirmed.