Mauricio AGUILAR, Dave Hughes, Daniel Radmer, Byron Slagle, Duaine Wagner and Michael Vinsant, Plaintiffs-Appellants-Cross-Respondents,

v.

HUSCO INTERNATIONAL, INC.,
Defendant-Third-Party
Plaintiff-Respondent-Cross-Appellant,†

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS, DISTRICT NO. 10,
Third-Party
Defendant-Appellant-Cross-Respondent.

Court of Appeals

*No. 2013AP265. Submitted on briefs March 4, 2014.
—Decided May 20, 2014.*

2014 WI App 64

(Also reported in 851 N.W.2d 802.)

† Petition for Review granted September 24, 2014.

On behalf of the plaintiffs-appellants and cross-respondents and third-party defendant-appellant and cross-respondent, the cause was submitted on the briefs of *Nathan D. Eisenberg* and *Yingtao Ho* of *The Previant Law Firm, S.C.*, Milwaukee.

On behalf of the defendant-third-party plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Jeffrey Morris* and *John C. Schaak* of *Quarles & Brady LLP*, Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J. Mauricio Aguilar and multiple additional employees of Husco International, Inc. ("the employees"), Husco International, Inc. ("Husco"), and the International Association of Machinists and Aerospace Workers, District No. 10 ("District 10") appeal from a circuit court order denying all of their respective motions for summary judgment. The parties all agree that none of the material facts necessary to resolve the legal issues presented in this case are in dispute. Consequently, all of the parties petitioned for permission to appeal the circuit court's non-final order. We granted all of the petitions. For the reasons explained below, we reverse the circuit court's order and remand for entry of summary judgment in favor of the employees and District 10. We also remand for an order denying Husco's summary judgment motion and for any further action consistent with this opinion that may be appropriate.

## BACKGROUND

¶ 2. This case arises out of a class action wage claim under WIS. STAT. § 109.03(5) (2011–12),[1] which requires employers to pay employees all wages due under state law. Wages due include wages required by

---

[1] WISCONSIN STAT. § 109.03(5) provides:

Except as provided in sub. (1), no employer may by special contract with employees or by any other means secure exemption from this section. Each employee shall have a right of action against any employer for the full amount of the employee's wages due on each regular pay day as provided in this section and for increased wages as provided in s. 109.11(2), in any court of competent jurisdiction. An employee may bring an action against an employer under this subsection without first filing a wage claim with the department under s. 109.09(1). An employee who brings an action against an employer under this subsection shall have a lien upon all property of the employer, real or personal, located in this state as described in s. 109.09(2).

WIS. ADMIN. CODE § DWD 274.02(3), which requires employers to pay for any break "where the employer does not provide at least 30 minutes free from work." *See id.* The employees, represented by District 10, alleged that Husco failed to pay its employees for 20–minute breaks and that the failure resulted in unpaid wages.

¶ 3.　From 1981 to the present, District 10 has been the collective bargaining representative for a bargaining unit of production and maintenance employees at Husco. In 1983, Husco and District 10 agreed to implement certain changes into the employees' collective bargaining agreement ("CBA") with Husco. The agreement provided for a paid 10–minute break, an unpaid 20–minute break and paid wash-up periods totaling five minutes per eight-hour and 20–minute shift, so that employees would work a total of seven hours and 45 minutes for every eight hours of pay.

¶ 4.　At the time the parties agreed to a contract provision providing unpaid 20–minute breaks, neither party was aware that the unpaid 20–minute breaks were unlawful under Department of Workforce Development regulations. Specifically, neither party was aware that pursuant to WIS. ADMIN. CODE § DWD § 274.02(3),[2] all breaks under 30 minutes must be paid.

---

All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] The Wisconsin Department of Workforce Development has the authority to promulgate formal rules. Rules are published in the Administrative Code and have the force of law. One such rule is WIS. ADMIN. CODE § DWD 274.02(3), which provides:

> The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is

¶ 5. In November 2006, District 10 became aware that the provision in the employees' CBA providing unpaid 20–minute breaks was unlawful. Donald Griffin, District 10's business representative for the Husco bargaining unit, wrote a letter to Gary Strand, Husco Vice President of Human Resources, asking how Strand planned to resolve the issue. Strand responded that both Husco and District 10 should apply to the DWD for a waiver that would have a prospective and retroactive effect. The effect of the retroactive waiver would eliminate the employees' right to compensation for the unpaid 20–minute breaks already taken. Griffin declined to apply for the retroactive waiver, asserting that District 10 did not have the authority to take away the employees' right to seek back pay for the unlawful unpaid breaks they had already taken.

¶ 6. District 10 filed a complaint with the DWD, seeking back pay, on behalf of the affected Husco employees. In July 2007, the DWD issued a decision declining to order back pay, concluding that it would be inequitable to do so and that the failure to request a waiver was merely a technical violation. However, the DWD ordered Husco to comply with lawful break requirements by October 2007.

¶ 7. In September 2007, District 10 and Husco representatives met to negotiate a solution; however, none was reached. Husco then unilaterally changed the

not free to leave the premises of the employer will also be considered an on-duty meal period.

With exceptions not material here Wis. Stat. § 227.01(13) provides that " '[r]ule' means a regulation, standard, statement of policy, or general order of general application which has the effect of law and which is issued by an agency to implement, interpret, or make specific legislation enforced or administered by the agency or to govern the organization or procedure of the agency."

20–minute breaks to lawful 30–minute unpaid breaks. An arbitrator later rejected Husco's argument that it could permanently switch to 30–minute unpaid breaks, but upheld Husco's right to switch to 30–minute unpaid breaks as a temporary measure. The arbitrator concluded that the CBA did not require District 10 to join in signing a waiver request and that he did not have the authority to insert provisions into the CBA which the parties did not agree upon.

¶ 8. In January 2008, the employees commenced the class action litigation underlying this appeal seeking unpaid wages from Husco. Husco filed a third-party complaint against District 10, alleging: (1) breach of the duty of good faith and fair dealing; (2) equitable indemnity; (3) unjust enrichment; and (4) promissory estoppel.[3]

¶ 9. Following discovery, all of the parties moved for summary judgment. The employees and Husco filed cross-summary judgment motions, while Husco and District 10 also filed cross-summary judgment motions. The employees' motion was based upon its contention that Husco violated Wis. Stat. § 109.03(1) and Wis. Admin. Code § DWD 274.02 when it failed to pay the employees for their 20–minute breaks. Husco's motion against District 10 alleged breach of contract, unjust enrichment and promissory estoppel. District 10's motion alleged that Husco's claims were preempted by federal law.

¶ 10. The circuit court denied all of the motions, explaining:

---

[3] Husco removed the action to the United States District Court for the Eastern District of Wisconsin; however the case was eventually remanded back to the circuit court.

[I]n this case as a class, for the other employees ... it has not been substantiated on any of these motions for summary judgment that each and every individual or representative of the class, has made an intentional, knowing, voluntary understanding waiver of their rights.

So whether there is a waiver ... becomes a question of fact, substantial issue of material fact, for a jury to decide.

The parties all petitioned for an interlocutory review of the circuit court's order. These appeals followed.

## DISCUSSION

### Standard of Review.

■

¶ 11. A party is entitled to summary judgment when there are no disputed issues of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).[4] A summary judgment motion presents a question of law that we review *de novo. See Henry v. General Cas. Co. of Wis.*, 225 Wis. 2d 849, 856, 593 N.W.2d 913 (Ct. App. 1999). Here, all of the parties stipulate that the outcome of this matter is determined by the CBA, and therefore is appropriate for summary judgment consideration. The circuit court's determination that there is a factual question as to waiver is not supported by the record. Accordingly, we conclude that

---

[4] WISCONSIN STAT. § 802.08(2) provides, as relevant:

The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

the appropriate question is not whether summary judgment should have been awarded, but to whom it should have been awarded.

## Basic Labor Law.

¶ 12. If the resolution of a state law claim is substantially dependent upon an analysis of an agreement between the parties to a labor contract, then that claim must either be treated as a claim arising under § 301 of the Labor Management Relations Act ("LMRA"), or that claim must be dismissed as preempted under federal labor contract law. *See Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–212 (1985). The United States Supreme Court, in *Allis–Chalmers Corp.*, explained that:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

*Id.* at 211.

¶ 13. Section 301 of the LMRA:

> is peculiarly one that calls for uniform law. The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had

obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract.

*Miller Brewing Co. v. DILHR*, 210 Wis. 2d 26, 37, 563 N.W.2d 460 (1997) (quotation marks and citation omitted). Thus, we must determine whether "the adjudication of the state-law claim depend[s] on the interpretation of the collective-bargaining agreement." *See International Ass'n of Machinists & Aerospace Workers, IAM Local 437 v. United States Can Co.*, 150 Wis. 2d 479, 492, 441 N.W.2d 710 (1989).

## The Employees' Summary Judgment Motion.

¶ 14. At the heart of the employees' argument is their contention that Husco violated WIS. STAT. § 109.03(1) and WIS. ADMIN. CODE § DWD 274.02(3) when it did not compensate them for the unpaid 20–minute breaks. The employees argue that, absent a waiver from the DWD, Husco cannot circumvent its statutory obligation to compensate the employees for breaks under 30 minutes. As such, the employees contend that they are entitled to compensation for the unlawful unpaid breaks already taken and that all of Husco's defenses are preempted by federal law. We agree.

¶ 15. WISCONSIN STAT. § 109.03(1) requires employers to pay each employee, during each payroll period, all wages that are earned by the employee.[5] WISCONSIN ADMIN. CODE § DWD 274.02(3) provides:

---

[5] The text of WIS. STAT. § 109.03(1) provides, as relevant:

The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period.

Pursuant to Wis. Admin. Code § DWD 274.05, parties to a CBA may apply to the DWD for a waiver to the "hours of work" requirement of Wis. Admin. Code § DWD ch. 274. It is undisputed that a waiver was not obtained in this case. Nonetheless, Husco contends that the employees are not entitled to compensation because the employees: (1) are not owed any wages because their receipt of benefits under the CBA waived their right to seek back wages; (2) would be unjustly enriched if they received wages after accepting the benefits of the CBA; (3) are equitably estopped from claiming back wages; and (4) failed to mitigate their damages by joining Husco in asking DWD for a retroactive waiver.

¶ 16. A close examination of Husco's defenses indicate that Husco's arguments all depend on an interpretation of the CBA. If the employees waived their right to the wages at issue, they did so in exchange for other benefits under the CBA. If the employees would be unjustly enriched by receiving the statutorily required back wages, it is because of benefits already

Every employer shall as often as monthly pay to every employee engaged in the employer's business, except those employees engaged in logging operations and farm labor, all wages earned by the employee to a day not more than 31 days prior to the date of payment. Employees engaged in logging operations and farm labor shall be paid all earned wages no less often than at regular quarterly intervals. Any employee who is absent at the time fixed for payment or who for any other reason is not paid at that time shall be paid thereafter at any time upon 6 days' demand.

537

received under the CBA. If the employees are equitably estopped to claim the statutory wages, it is also because of the CBA. If the employees did not mitigate *their* damages, it is because (from Husco's perspective) the employees breached the CBA by refusing to jointly petition the DWD for waiver of the obligations Wisconsin law places on the employer.[6] Thus the CBA is the root and branch of all of Husco's defenses against the employees' statutory claim.

¶ 17. The United States Supreme Court provided valuable insight when it dealt with the issue of illegal wages in a collective bargaining agreement in *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77 (1981). In that case, a class action suit was brought against the airline by female flight attendants alleging wage discrepancies between themselves and their male counterparts. *Id.* at 77. The wages were agreed to by both the airline and the union; however, a federal district court determined that the wage discrepancies violated both the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964. *Id.* Following the ruling, the airline sought contribution from the union in a separate action, which formed the basis of the case before the Supreme Court. *Id.* The Supreme Court held that the contribution claim was not available because the employer was not an intended beneficiary under the Equal Pay Act or Title VII, and

---

[6] We leave for metaphysical musings the question of how damages the employer will incur, by paying the past due wages Wisconsin law requires, becomes something that Wisconsin law requires the employees to mitigate by giving up their right to those same past due wages. This is particularly perplexing when there is not a shred of evidence that the employees intentionally caused District 10 to negotiate a provision that neither the union nor the employer knew contained illegal wage provisions.

the comprehensive remedial scheme in the statutes precluded the court from inferring additional remedies which the legislature had not provided. The reasoning in *Northwest Airlines* is instructive in the situation before us.

¶ 18. The statutory scheme of WIS. STAT. ch. 109 evidences a clear legislative intent to protect employee rights to wage payment in certain workplace conditions and at certain times. WISCONSIN STAT. § 109.03(1) requires an employer to timely pay all required wages. Additionally, WIS. STAT. § 109.03(5) prohibits the employer from contracting away that obligation.[7] Yet that is precisely what Husco is arguing here.

¶ 19. Because Wisconsin law unambiguously requires payment for the 20–minute breaks and does not allow the employer to contract away that obligation, the defenses are not permitted under Wisconsin law.

■

¶ 20. The plain language of WIS. STAT. ch. 109, and the DWD rules related thereto, demonstrate the legislative intent to set certain minimum conditions of compensation (breaks of less than 30 minutes), to give

---

[7] WISCONSIN ADMIN. CODE § DWD 274.05 allows parties to a CBA to apply to the DWD for a waiver to the "hours of work" requirement of WIS. ADMIN. CODE § DWD ch. 274. Section DWD 274.05 provides:

Except as provided in s. DWD 274.08, where a collectively bargained agreement exists, the department may consider the written application of labor and management for a waiver or modification to the requirements of this chapter based upon practical difficulties or unnecessary hardship in complying therewith. If the department determines that in the circumstances existing compliance with this chapter is unjust or unreasonable and that granting such waiver or modification will not be dangerous or prejudicial to the life, health, safety or welfare of the employees, the department may grant such waiver or modification as may be appropriate to the case.

employees the tools to enforce those requirements (DWD action and/or litigation), and to prevent an employer from insulating itself from liability by contracts with the employees or any other entity. Husco's defenses all arise out of its theory that the implication of the CBA is that it contracted away its liability to pay for breaks of less than 30 minutes. Accepting the legal theory underlying those defenses would require that we ignore the plain language of Wis. Stat. § 109.03(5). "We cannot ignore words in a statute to achieve a desired construction. Rather, a statute should be construed to give effect to its leading idea, and the entire statute should be brought into harmony with its purpose." *State v. Okray Produce Co.*, 132 Wis. 2d 145, 150, 389 N.W.2d 825 (Ct. App. 1986), *superseded on other grounds by State v. Marshland Acres, Inc.*, 2013 WI App 72, 348 Wis. 2d 29, 832 N.W.2d 157 (internal citation omitted).

¶ 21. We conclude that because all of Husco's defenses implicate and depend on the provisions of the CBA, the defenses are preempted by § 301 of the LMRA.

¶ 22. For all the foregoing reasons, summary judgment in favor of the employees and against Husco should have been granted.

**Husco's and District 10's Summary Judgment Motions.**

¶ 23. As stated, Husco sought summary judgment on its claims against District 10. District 10 reciprocated, seeking dismissal of all of Husco's claims. As we have explained above, claims that depend on an interpretation of the CBA are preempted by federal law. We will not repeat the analysis again here.

¶ 24. Husco's summary judgment motion against District 10 alleges: (1) breach of the contractual duty of good faith and fair dealing; (2) unjust enrichment; and (3) promissory estoppel. These are substantially the same arguments Husco raised as defenses against the employees' motion. We address each claim related to District 10.

*Breach of contractual duty of good faith*

█

¶ 25. Husco argues that District 10 violated its contractual good faith and fair dealing obligation when it: (1) refused to seek a waiver from the DWD; (2) filed a complaint with the DWD seeking wages for the unpaid breaks; and (3) initiated a class action lawsuit.

█

¶ 26. At the motion hearing on the multiple summary judgment motions, Husco acknowledged that its breach of contract claims arise out of § 301 of the LMRA. Specifically, counsel for Husco stated: "With respect to the breach of contract claim, it's not an issue. Section 301 is where the breach of contract claim arises . . . . There's no need to address those cases. Everybody agrees that's the source for the claim." The duty of good faith is an implicit condition in most collective bargaining agreements. *See International Ass'n of Machinists*, 150 Wis. 2d at 489. Thus any good faith duty here is " 'tightly bound with questions of contract interpretation that must be left to federal law.' " *Id.* (citation omitted). Accordingly, Husco's breach of contract claims as to District 10 are preempted. *See Allis–Chalmers Corp.*, 471 U.S. at 210–212. Summary judgment dismissing that claim should have been granted.

541

*Unjust enrichment*

¶ 27. To recover on a claim for unjust enrichment, a claimant must prove the following three elements: (1) the claimants conferred a benefit upon the other party; (2) the other party had an appreciation or knowledge of the benefit; and (3) the other party accepted or retained the benefit under circumstances that would make it inequitable for the other party to retain the benefit without payment of its value. *Ludyjan v. Continental Cas. Co.*, 2008 WI App 41, ¶ 7, 308 Wis. 2d 398, 747 N.W.2d 745.

¶ 28. Husco contends that District 10 will be unjustly enriched if *its members* are allowed to retain "the benefits they have *already* received by agreeing to *20 minute, unpaid* breaks and to now *also* receive wages for those same breaks." (Emphasis in Husco's brief to this court.) How *District 10* was enriched by something Husco gave *its employees* is not explained. How *District 10* would be unjustly enriched by *the employees'* wage recovery is likewise not explained. The failure to state a claim for unjust enrichment against District 10 required dismissal of that claim on summary judgment.

*Promissory Estoppel*

¶ 29. "Promissory estoppel has three elements: (1) the promise was one for which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) the promise did induce such action or forbearance; and (3) injustice can be avoided

542

only by enforcement of the promise." *Champine v. Milwaukee Cnty.*, 2005 WI App 75, ¶ 21, 280 Wis. 2d 603, 696 N.W.2d 245.

¶ 30. Husco contends that "[t]his is a case that would call out for the application of promissory estoppel if the unpaid break provision is held to be contractually unenforceable." Husco argues that "District 10 unquestionably promised that the breaks its members would receive would be *unpaid*. Similarly, there is no dispute that HUSCO relied on that promise by giving those members additional monetary benefits in their contracts for approximately 25 years." (Emphasis in Husco's brief.) Husco's argument is a concession that any promise by District 10 arose out of the CBA. As such, it is preempted by federal law.

¶ 31. This claim is also barred by Wisconsin law. Husco contends that it is not asserting a claim for contribution against District 10, however its arguments suggest that Husco may be seeing indemnification from District 10. To the extent Husco does assert a claim for contribution, we conclude that indemnification or contribution to unpaid wages by a union is not part of the labor-management regulatory scheme of Wisconsin law. Here, as in *Northwest Airlines*, the collective bargaining agreement included provisions that, unbeknownst to the parties, violated Wisconsin law.

¶ 32. Wisconsin Stat. ch. 109 is designed to protect employees by providing for the reasonably prompt payment of wages. Wisconsin Admin. Code § DWD 274.02 sets some minimum requirements on the way wages are to be calculated. Wisconsin Stat. § 109.03(5) clearly indicates that the sole remedy for wage calculation violations is against the employer; the employer may not exempt itself by special contract from its exclusive obligation to pay wages to its employees. Here, as in

*Northwest Airlines,* Husco is not the intended beneficiary of the regulatory scheme and is not entitled to summary judgment on its promissory estoppel claim.

## CONCLUSION

¶ 33. For all the reasons described above, the circuit court order denying summary judgment to all parties is reversed. Summary judgment is ordered in favor of the employees and Husco's affirmative defenses are dismissed. Summary judgment is ordered dismissing Husco's claims against District 10. The case is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.